LOW et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1909.)

No. 1,885.

1. JURY (§ 11*)—TRIAL BY JURY—FEDERAL COURTS.

There is no statute providing for trial by a federal court without a jury, except in cases of equity or maritime jurisdiction, or when so provided by the bankrupt law.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 21; Dec. Dig. § 11.*

Right to trial by jury in federal court, see notes to O'Connell v. Reed, 5 C. C. A. 603; Vany v. Pierce, 26 C. C. A. 528.]

2. JURY (§ 11*)—TRIAL BY JURY—FEDERAL DISTRICT COURT.

Under the express provisions of Rev. St. § 566 (U. S. Comp. St. 1901, p. 461), the trial of issues of fact in a federal District Court, save in the excepted cases, must be by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 21; Dec. Dig. § 11.*]

3. JURY (§ 29*)—TRIAL BY JURY—WAIVER OF JURY—STATUTES.

Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), providing that issues of fact in civil actions in any Circuit Court may be tried and determined by the court without a jury whenever the party or their attorneys file a stipulation waiving a jury, applies only to Circuit Courts.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 29.*]

4. CRIMINAL LAW (§ 1022*)—WRIT OF ERROR—REVIEW—FINDINGS OF DISTRICT JUDGE.

A judge of a federal District Court having neither statutory nor common-law authority to hear a criminal case without a jury on a plea of not guilty, he would be regarded in so doing as an arbitrator only, and his conclusions of fact could not be reviewed on a writ of error.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1022.*]

5. CRIMINAL LAW (§ 1134*)—WRIT OF ERROR—SCOPE OF REVIEW.

Where the Circuit Court of Appeals had no jurisdiction to review the conclusions of fact of a trial judge hearing a criminal case without a jury, it could not consider the sufficiency of the evidence to support any judgment, or any matter of form in respect to the indictment, nor the action of the court on the admission or rejection of evidence, nor any question arising out of or upon the evidence, but was limited to defects which should have prevented the rendition of the judgment for which it should be arrested.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1134.*]

6. JURY (§ 21*)—JURY TRIAL—"CRIMES"—"INFAMOUS."

Const. U. S. art. 3, § 2, requires that the trial of all crimes except in the cases of impeachment shall be by jury, and the sixth amendment declares that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury, and the fifth amendment

provides that for an infamous offense one shall not be required to answer unless on the presentment or indictment of a grand jury. *Held*, that an offense is "infamous" if it involves imprisonment for more than one year with or without hard labor, and that a "crime" within such provisions is not necessarily an infamous offense, but includes every offense of a serious or atrocious character, involving the possible infliction of long terms of imprisonment, which offenses must be tried by a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 134–141; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 2, pp. 1736–1740; vol. 8, p. 7623; vol. 4, p. 3573.

Trial by jury in criminal prosecutions, see note to West v. Gammon, 39 C. C. A. 275.]

7. JURY (§ 21*)—TRIAL BY JURY—CRIMES.

Defendants were indicted for unlawfully carrying on the business of a rectifier without having paid the special tax required by law, in violation of 1 Rev. St. Supp. p. 60, § 3242, for which defendants might have been fined $500 and imprisoned for two years. The second count was for the unlawfully rectifying in violation of Rev. St. § 3317 (U. S. Comp. St. 1901, p. 2164), for which a punishment of not less than $1,000 nor more than $5,000 fine, and imprisonment for not less than six months nor more than two years, might be imposed. The third count was for omitting to put up signs as required by section 3279 (page 2126), the punishment for which was a fine of $500. And the fourth count was for violating Rev. St. § 3326 (page 2169), prohibiting the changing of stamps and shifting of distilled spirits, under which the maximum punishment is a fine of $1,000 and imprisonment for a year. *Held*, that such offenses involving imprisonment were crimes for which accused could only be punished after a conviction by a jury under Const. art. 3, § 2, providing that the trial of all crimes except in the case of impeachment shall be by jury.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 21.*]

8. JURY (§ 29*)—TRIAL BY JURY—CRIMINAL CASES—WAIVER.

In a prosecution for a crime within Const. art. 3, § 2, providing that the trial of all crimes except in case of impeachment shall be by a jury, accused and the district attorney may not waive a jury trial by agreement.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 197, 198; Dec. Dig. § 29.*]

In Error to the District Court of the United States for the Southern District of Ohio.

This is a writ of error to the District Court for the Southern District of Ohio. The plaintiffs in error were indicted jointly, entered a plea of not guilty, waived a jury, and were tried upon the evidence submitted to the District Judge, and adjudged guilty upon some counts and not guilty upon others. There were two indictments, one of which contained four counts, the other three counts. These indictments were consolidated by order of the court and heard together. The defendants were adjudged guilty under the first and third counts of the indictment numbered 496, and not guilty under the second and fourth counts. The sentence against each under the first count was a fine of $250 and costs and imprisonment in jail for 30 days, to be remitted upon payment of fine and costs, and to pay a fine of $500 each and costs upon the conviction under the third count.

They were both adjudged guilty under the third count of the indictment numbered 512, and each of the defendants sentenced to pay a fine of $500 and costs. Upon the other two counts of that indictment they were adjudged not guilty.

The first count of indictment 496, and upon which there was a verdict of guilty, was under section 3242, 1 Rev. St. Supp. p. 60, and was for unlawfully carrying on the business of a rectifier without having paid the special tax

required by law. There might have been a fine of $500 and imprisonment for two years under that count. The second count under that indictment was drawn under section 3317, Rev. St. (U. S. Comp. St. 1901, p. 2164), for unlawfully rectifying, etc. The punishment under this section is a fine of not less than $1,000 nor more than $5,000, and imprisonment for not less than six months nor more than two years. The third count was for not putting up the signs required under section 3279, Rev. St. (U. S. Comp. St. 1901, p. 2126). The punishment under this section is a fine of $500. The fourth count was under section 3326, Rev. St. (U. S. Comp. St. 1901, p. 2169). Under this section there might have been a maximum punishment of a fine of $1,000 and imprisonment for one year.

There were three counts under the indictment numbered 512, all being drawn under section 3326, Rev. St., relating to acts similar in character but to different packages from those mentioned in the fourth count of the other indictment, and subject to the maximum punishment already mentioned as applicable to offenses under section 3326.

Levi Cooke, Warwick M. Hough, and Arthur B. Hayes, for plaintiffs in error.

Sherman T. McPherson, for the United States.

Before LURTON and SEVERENS, Circuit Judges, and TAYLER, District Judge.

LURTON, Circuit Judge (after stating the facts as above). 1. The defendants and the government waived a jury, and the case was heard upon the evidence by the court, and a general judgment rendered of guilty upon certain counts and not guilty upon others. Aside from the fact that this was a criminal and not a civil case, there is no statute which provides for a trial by the court without a jury, except in cases of equity or maritime jurisdiction, or when so provided by the bankrupt law. The trial of issues of fact in the District Court, save in the excepted cases, must be by jury. Section 566, Rev. St. (U. S. Comp. St. 1901, p. 461). Section 649 of the Revised Statutes (U. S. Comp. St. 1901, p. 525), which provides for the waiving of a jury, applies only to the Circuit Court. The judge of the District Court had no statutory or common-law authority to hear even a civil action without a jury, and must therefore be regarded only as an arbitrator, and his conclusions of fact not reviewable upon writ of error. Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853; United States v. Louisville & Nashville Railroad Company (decided by this court February 2, 1909) 167 Fed. 306. For the reason indicated, we may not inquire into the sufficiency of the evidence to support any judgment, or any matter of form in respect to the indictment, nor review the action of the court below upon the admission or rejection of evidence, nor any question of law arising out of or upon the evidence.

But if there appears upon the record proper, the process, the pleadings, and the judgment, defects which should have prevented the rendition of the judgment, and for which it should have been arrested, such apparent defect or insufficiency in law is equally fatal upon writ of error. Kentucky Life Ins. Company v. Hamilton, 63 Fed. 93, 99, 11 C. C. A. 42; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835.

2. We come, then, to the question of the jurisdiction of the court below to pronounce judgment upon offenses of the serious character

covered by the indictments against the defendants in error without a plea of guilty or a verdict of a jury upon the facts. Section 2 of article 3 of the Constitution requires that "the trial of all crimes, except in cases of impeachment, shall be by jury," and the sixth amendment requires that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury," etc. These provisions are to be construed in the light of the common law as it existed when the Constitution was adopted, and the constitutional right of trial by jury limited to that class of cases, civil and criminal, which at the common law were triable by jury. Callan v. Wilson, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223; Capital Traction Company v. Hof, 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873; Schick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99.

That this provision does not apply to such "petty offenses" as at the common law were triable without a jury, by a tribunal legally constituted for that purpose, is clear. Such "petty offenses" are not "crimes" within the meaning of the Constitution. It is for that reason that it is now well settled that a defendant may waive a jury when charged only with a "petty offense." Schick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99.

Were the plaintiffs in error charged with mere "petty offenses" within the common-law meaning, or were they charged with "crimes" within the third article of the Constitution? Under some of the counts there might have been a sentence for a term of two years in prison, Indeed, under one of the counts upon which the plaintiffs were found guilty they might have been given a term of two years and a fine of $5,000. Under section 5541, Rev. St. (U. S. Comp. St. 1901, p. 3721), any sentence for a period longer than one year may be executed in a penitentiary, in place of a jail, workhouse, bridewell, or other place of confinement deemed less degrading.

To be a "crime" within the meaning of section 2 of article 3 of the Constitution, it is not essential that it shall be of the grave character described as an "infamous offense" in the fifth amendment, which provides that for such offenses one shall not be required to answer unless upon the presentment or indictment of a grand jury. An offense is "infamous" not because of its character as respects commonly accepted standards of morality, but because of the character of the punishment which may be inflicted. Thus, without regard to the inherent morality of an offense, it is "infamous" within the fifth amendment if it involves imprisonment for more than one year, with or without hard labor. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909. Neither is the test as to whether an offense is a "crime" within the third article determined by the punishment which was ultimately awarded. Thus, a crime is "infamous" if an infamous punishment might have been inflicted under the charge. Mackin v. United States, 117 U. S. 348, 351, 6 Sup. Ct. 777, 29 L. Ed. 909.

That the indictments against the plaintiffs in error included offenses for which a term of imprisonment for more than one year might

have been imposed is determinative of the fact that they were not "petty offenses," such as might have been heard by a tribunal authorized by law to act without a jury, or such as might have been presented upon information and without presentment or indictment by a grand jury. The word "crime" as used in the jury clause of the third article of the Constitution manifestly included every offense which involves results of so grave a character. Its meaning has been defined not only with seeming historical accuracy, but apparently in an authoritative way, by the Supreme Court in Callan v. Wilson, 127 U. S. 540, 549, 8 Sup. Ct. 1301, 1303, 32 L. Ed. 223, where Mr. Justice Harlan, speaking for the court, said:

"The word 'crime,' in its more extended sense, comprehends every violation of public law; in a limited sense it embraces offenses of a serious or atrocious character. In our opinion, the provision is to be interpreted in the light of the principles which, at common law, determined whether the accused, in a given class of cases, was entitled to be tried by a jury. It is not to be construed as relating only to felonies, or offenses punishable by confinement in the penitentiary. It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen. It would be a narrow construction of the Constitution to hold that no prosecution for a misdemeanor is a prosecution for a 'crime' within the meaning of the third article, or a 'criminal prosecution' within the meaning of the sixth amendment."

In Schick v. United States, cited above, the charge against Schick was by "information." The offense was one against the oleomargarine act (Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228]) for purchasing or receiving oleomargarine which had not been branded or stamped according to law. The "penalty" was $50 for each offense. The court said, "So small a penalty for violating a revenue statute indicates only a petty offense." Referring to other provisions of that act, which subjected the party convicted to a fine of not more than $1,000 and imprisonment for not more than two years, the court, by Mr. Justice Brewer, said that:

"These provisions of the same statute must be classed among serious criminal offenses, and can be prosecuted only by indictment, while the violations of the cases before us were prosecuted by information."

The offenses which the plaintiffs in error were called to answer were obviously serious criminal offenses involving the possibility of long terms of imprisonment. They were, therefore, "crimes" within the meaning and intent of the constitutional mandate that "the trial of all crimes, except in cases of impeachment, shall be by jury."

This provision is not one merely extending a privilege or guaranteeing a right. It is all that and more. The "trial" of every such crime "shall be by jury." It goes to the constitution of the tribunal, and a "trial" for a "crime" which is not "by jury" is not a trial by any tribunal known to the Constitution.

In Callan v. Wilson, the conviction was by a police court in the District of Columbia. The constitution of that court did not include a jury. But from its judgments there was an appeal to a superior court in which a defendant might have a trial by jury. Callan was tried upon an "information" charging him with a conspiracy to prevent others from pursuing their lawful occupations, and sentenced to

pay a fine of $25, and, in default, to suffer imprisonment in jail for 30 days. He did not appeal, and, making default in the payment of his fine, was imprisoned. To test the validity of the sentence upon a conviction not based upon the verdict of a jury, he sued out a writ of habeas corpus. The court held that the offense with which he was charged was not such a petty offense as to be triable at common law without a jury, but a serious misdemeanor and a crime under the provisions of the Constitution, and triable only by jury. The right to appeal to a tribunal where he might have a jury trial was held not to save the jurisdiction, but that one accused of such a crime was entitled to enjoy his right of trial by jury "from the first moment." "In such cases," said Justice Harlan, speaking for the court, "a judgment of conviction, not based upon a verdict of guilty by a jury, is void."

The suggestion that the effect of the sixth amendment is to modify the force and effect of the jury clause in the third article by converting a constitutional requirement into a privilege which an accused may exercise or not, as he may elect, is not tenable. It is based upon the verbiage of the amendment in its first line, to wit: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," etc. That amendment, as we historically know, originated in the earnest desire to secure, in a definitive way, the common-law procedure in criminal trials. Without unanswerable reasons it should not be construed as authorizing so grave a change in the constitutional tribunal of trial as would result if trial by jury may be waived at the option of the accused. The plain purpose of that amendment was to declare those rights appurtenant to jury trial which had from ancient times surrounded an accused. The rights and privileges so declared, says Judge Story, in his Commentaries on the Constitution, § 1791, "do but follow the established course of the common law." The accused is not only to "enjoy" jury trial, but a speedy trial and a public trial, by an impartial jury of the locality, be confronted by the witnesses against him, have compulsory process for his own witnesses, and, finally, the right to be assisted by counsel. The court, in Callan v. Wilson, said:

"We do not think that the amendment was intended to supplant that part of the third article which relates to trial by jury. There is no necessary conflict between them."

Again, the court said:

"And as the guaranty of a trial by jury, in the third article, implied a trial in that mode and according to the settled rules of the common law, the enumeration, in the sixth amendment, of the rights of the accused in criminal prosecutions, is to be taken as a declaration of what those rules were, and is to be referred to the anxiety of the people of the states to have in the supreme law of the land, and so far as the agencies of the general government were concerned, a full and distinct recognition of those rules, as involving the fundamental rights of life, liberty, and property."

The right to waive a right does not exist when the matter concerns the public as well as the individual. Thus, the waiver of the trial of a crime by jury involves the setting on one side of the tribunal constituted by law for that purpose and the substitution by consent of

one unknown to the law. It is not competent for the accused and the district attorney to change by consent the constitution of the tribunal provided for the trial of crimes. Between the waiver of a jury in a civil case and its waiver in a trial for crime there are fundamental differences. The one involves only property rights of the parties, rights over which they have dominion. The other involves the liberty or life of the citizen. This is a matter over which the accused has not dominion. The state, the public, are concerned that neither shall be affected save by due process of law. A crime is a "breach of public rights and duties," which, says Blackstone, affect "the whole community, in its social and aggregate capacity." 3 Black. Comm. 2, 4, and 5. "The end they have in view is the prevention of similar offenses, not atonement or expiation of crimes committed. The penalties or punishments, for the enforcement of which they are means to the end, are not within the discretion or control of the parties accused; for no one has a right by his own voluntary act to surrender his liberty or part with his life." Cancemi v. People, 18 N. Y. 128, 137. Undoubtedly the accused has a right to waive everything which pertains to form and much which is of the structure of a trial. But he may not waive that which concerns both himself and the public, nor any matter which involves fundamentally the jurisdiction of the court. The jurisdiction of the court to pronounce a judgment or conviction for crime, when there has been a plea of not guilty, rests upon the foundation of a verdict by a jury. Without that basis the judgment is void.

It is accordingly ordered that the judgments in this case be set aside and the case remanded, with direction to award a new trial.