## UNITED STATES v. SIXTY-EIGHT CASES OF SYRUP.

(District Court, E. D. Illinois.   October 1, 1909.)

**1. Food (§ 7*)—Labels—Blended Syrup.**

Certain cases containing syrup seized by the United States were branded and labeled "Western Reserve Ohio Blended Maple Syrup, guaranteed absolutely pure, shipped by Western Reserve Syrup Company, Cleveland, Ohio." The bottles were labeled and branded "Western Reserve Ohio Blended Syrup, Western Reserve Syrup Company, Cleveland, Ohio, Blenders of Fancy Maple Syrup and Maple Sugar." *Held* that, construing all the words of the bottle labels together, the same meaning was intended as in the labels on the cases, namely, that the bottles and the boxes contained blended maple syrup.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 7.*]

**2. Pleading (§§ 8, 214*)—Conclusions—Demurrer—Facts Admitted.**

Where a libel to forfeit certain syrup for alleged violation of the food and drug act (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1907, p. 928]) stated that the boxes and bottles did not contain a blend of maple syrup, as stated on the labels, but alleged that the contents consisted of a mixture or compound of refined cane sugar flavored with an extract of maple wood, the negation of a blend of maple syrup was a conclusion of the pleader, which was not admitted by a demurrer to the libel.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12-28½, 527; Dec. Dig. §§ 8, 214.*]

**3. Food (§ 7*)—Adulteration—"Blend."**

Food and Drug Act, June 30, 1906, c. 3915, § 8, 34 Stat. 770 (U. S. Comp. St. Supp. 1907, p. 932), provides that an article which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded, if labeled so as to plainly indicate that it is a compound imitation or blend, and the word "blend" is plainly stated on the package, which term shall be construed to mean a mixture of like substances, not excluding harmless coloring or flavoring ingredients used for coloring or flavoring only. *Held* that, where syrup consisting of refined cane sugar flavored with an extract of maple wood was sold under a label describing it as "Western Reserve Ohio Blended Maple Syrup," the word "blend" indicated that the article was a mixture and imitation, and there was therefore no violation of the act.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 1, p. 808; vol. 8, p. 7591.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Libel by the United States against Sixty-Eight Cases of Syrup, to condemn the same for violation of the food and drug act. Demurrer to libel sustained. Proceeding dismissed.

S. M. Clark, Asst. U. S. Atty.

Frank Lindley, for defendant.

WRIGHT, District Judge. This is a libel presented by the United States against Sixty-Eight Cases of Syrup under the provisions of Food and Drug Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1907, p. 928). The libel charges that the cases of syrup were shipped from Cleveland, Ohio, to Danville, Ill., and that 48 of them contained each one dozen bottles, and 20 of them contained each two dozen bottles, of syrup; that the cases were branded and labeled "Western Reserve Ohio Blended Maple Syrup, guaranteed absolutely pure, shipped by Western Reserve Syrup Company, Cleveland, Ohio"; and that the bottles were labeled and branded "Western Reserve Ohio Blended Syrup, Western Reserve Syrup Company, Cleveland, Ohio, Blenders of Fancy Maple Syrup and Maple Sugar." It is further charged in the libel that the cases and bottles were misbranded in violation of the act of Congress to which reference has been made, subjecting the property to condemnation as provided in said act, for the reason that the cases and bottles do not contain maple syrup, or a blend of maple syrup, but do contain a mixture or compound largely of refined cane sugar flavored with an extract of maple wood, and that the labeling before mentioned is misleading and false, so as to mislead the purchaser, and so as to offer the contents for sale under the distinctive name of another article. The goods were shipped to the Webster Grocery Company, doing business in Danville, Ill., and by this proceeding seized, and are now in the custody of the marshal. The Western Reserve Syrup Company, of Cleveland, Ohio, the manufacturer, shipper, and seller of the goods, has appeared by its attorney in this proceeding and filed its demurrer to the libel; and the court, having heard the argument of counsel, thereupon took the case under advisement and for future determination.

In the argument at bar of the case it was contended for the respondent that there is a distinct and substantial difference in the labeling upon the cases and that upon the boxes; that in the former the word "Maple" is used, and in the latter, the case of the bottles, that word is omitted, as a qualifying word in the description of the syrup. Without again quoting the words of the labeling, but referring again to them as above set out in this opinion, it will be seen that, while the word "Maple" is not used as a qualifying word to syrup, yet further on in the words of the label it is found that respondent describes itself as blenders of "Fancy Maple Syrup and Maple Sugar," so that, when all the words of the label put upon the bottles are seen, and its full meaning comprehended, I think the same meaning was intended in the use of both labels, and from either of them, that upon the cases and that upon the bottles, a person of ordinary intelligence, after reading them or either of them, would infer the same meaning that the bottles,

as well as the boxes, contained blended maple syrup. So it seems to me that the contention of the respondent that the label upon the boxes, which alone was intended to induce the purchasers, even conceding this, is without force. It then being determined that the labeling upon the cases and upon the bottles mean the same thing, namely, that each contained blended maple syrup, it only remains to decide whether, in view of the other averments of the libel, a violation of the statute is shown.

If the brands or labels correctly or truthfully disclose the contents of the cases and bottles, and no poisonous or deleterious ingredients are apparent, there can, I am persuaded, be no violation of the law, and this action could not be supported. There is no claim that poisonous or deleterious ingredients entered into the compound. The libel avers it was not maple syrup. The labels do not purport to state that the contents of the boxes and bottles was maple syrup; but, as said before, both labels represent the same fact—that the contents of the boxes and bottles was blended maple syrup. The libel avers that the cases and bottles do not contain a blend of maple syrup, and then specifically states they do contain a mixture or compound largely of refined cane sugar flavored with an extract of maple wood. The demurrer of the respondent to the libel admits all the facts well pleaded in the libel, and, while it is stated by the libel that the boxes and bottles do not contain a blend of maple syrup, the following statement in the libel, that the contents consisted of a mixture or compound largely of refined cane sugar flavored with an extract of maple wood, renders the previous negation of a blend of maple syrup nugatory as a fact stated, but leaves it as a mere conclusion of the pleader, that is not admitted by the demurrer. So it seems to me the case resolves itself to the single question whether a mixture or compound largely of refined cane sugar flavored with an extract of maple wood is blended maple syrup.

The plain and manifest object of the statute under consideration is to protect the purchasers and consumers of drugs and foodstuffs from fraud and imposition in the purchase or consumption of such articles under false representations, and to insure that the commodities are such as they are represented to be. If the brands or labels upon the goods in question were truthful, and such as the law permitted upon such goods as they actually were, then there was no violation of the law, and the goods were wrongfully seized, and should be returned to the person or persons from whom they were taken. The proviso to section 8 of the statute under which this libel is being prosecuted provides in legal effect, amongst other things, that an article of food which does not contain any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded in the case of articles labeled, branded, or tagged so as to plainly indicate that they are compounds, imitations, or blends, and the word "compound," "imitation," or "blend," as the case may be, is plainly stated on the package in which it is offered for sale; and the term "blend" so used, shall be construed to mean a mixture of like substances, not excluding harmless coloring or flavoring ingredients used for the purpose of coloring and flavoring only.

I have already said that the brands or labels in question plainly indicate that the article of food, the syrup in this case, was a blend of maple syrup, and the statute itself declares that the term "blend" shall be construed to mean a mixture of like substances, not excluding harmless coloring or flavoring ingredients, used for the purpose of coloring and flavoring only. I think I may take judicial notice of all that an ordinarily intelligent person knows, and in doing this I know that food syrup is a saccharine solution of a superior quality, frequently called molasses, and it may be made of any of the various sugars of commerce, such as cane, beet, or maple. These sugars are alike, in that they are saccharine. The statute defines a blend of anything to be the mixture of like substances not excluding the flavoring. In the case presented the mixture is cane sugar flavored with extract of maple wood. It seems to me no argument is necessary to prove that all food sugars are of like substances, and to them or any of them add the flavoring extract of maple wood and thereby is produced the very blend contemplated by the exception of the statute I have endeavored to point out.

Even without this plain exception provided for by the law itself, no ordinarily intelligent person could be deceived by the labels in question into buying the articles so labeled for real maple syrup. The word "blend" is clearly used, both as to the articles and their manufacture, and of its own clear import indicates a mixture and imitation. Entertaining the views I have expressed, it follows that I am of the opinion the libel is insufficient in law, and the demurrer will therefore be sustained.

Let an order be prepared sustaining the demurrer, dismissing the libel, and awarding a return of the property, without costs.