## FRANK et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1911.)

No. 2,123.

1. FOOD (§ 22*)—VIOLATION OF FOOD AND DRUGS ACT—NOTICE AND HEARING—REVIEW.

An information under Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), will not be dismissed on appeal for the reason that it does not appear that there had been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a notice and hearing as provided for by section 4 of the act before the Secretary of Agriculture, where no motion to dismiss for this reason was made below, nor was the question raised by any pleading or assignment of error.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 23; Dec. Dig. § 22.*]

**2. JURY (§ 11*)—TRIAL OF ISSUES OF FACT—DISTRICT COURT.**

Under the express provisions of Rev. St. § 566 (U. S. Comp. St. 1901, p. 461), the trial of issues of fact in the District Court, with certain exceptions, must be by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 23; Dec. Dig. § 11.*]

**3. JURY (§ 29*)—WAIVER—DISTRICT COURT.**

Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), which provides for a waiver of jury in the Circuit Court, has no application to the District Court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 197–203; Dec. Dig. § 29.*]

**4. JURY (§ 29*)—TRIAL OF CRIMINAL OFFENSE—WAIVER OF JURY—EFFECT.**

Under Const. U. S. art. 3, § 2, which provided that the trial of all crimes, except in cases of impeachment, shall be by jury, if an offense amounting to a crime should not be tried by a jury, the judgment would be a mere nullity, and require reversal.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 203; Dec. Dig. § 29.*]

**5. CRIMINAL LAW (§ 1023*)—APPEALABLE JUDGMENTS—TRIAL OF PETTY OFFENSE—WAIVER OF JURY.**

The trial of a "petty offense" under waiver of jury would amount to an arbitration as to the questions of fact involved, and the court's conclusions of fact could not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1023.*

Right to waive trial by jury in criminal prosecutions, see note to Low v. United States, 94 C. C. A. 7.]

**6. CRIMINAL LAW (§ 1023*)—AGREED STATE OF FACTS—REVIEW.**

Where the submission in a criminal case is upon an agreed state of facts, leaving for determination only a question of law arising thereon, the determination upon that question of law is reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

**7. FOOD (§ 18*)—FOOD AND DRUGS ACT—VIOLATION—NATURE OF OFFENSE.**

A prosecution under Food and Drugs Act June 30, 1906, c. 3915, § 2, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1188), which provides for no imprisonment for the first offense, but merely for a fine not exceeding $200, is for a "petty offense."

[Ed. Note.—For other cases, see Food, Cent. Dig. § 20; Dec. Dig. § 18.*]

**8. CRIMINAL LAW (§ 1023*)—JUDGMENTS REVIEWABLE—AGREED STATE OF FACTS—FINAL JUDGMENT.**

On a prosecution for violation of the food and drugs act, record examined, and *held*, that the case was not heard in the District Court solely upon an agreed state of facts, and that, therefore, the final judgment embraced the determination of a question of fact, which was not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1023.*]

**9. FOOD (§ 5*)—FOOD AND DRUGS ACT—"COMPOUND"—"BLEND."**

Food and Drugs Act June 30, 1906, c. 3915, § 8, 34 Stat. 770 (U. S. Comp. St. Supp. 1909, p. 1191), provides that the term "blend" shall

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be construed to mean a mixture of like substances. Regulation 27a. made under the authority of the act, provides that the terms "mixtures" and "compounds" are interchangeable, and indicate the result of putting together two or more food products. *Held*, that a blend is a compound, but a compound may or may not be a blend; in other words, that the term "compound" does not necessarily denote a mixture of unlike substances.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 2, p. 1372.]

10. FOOD (§ 5*)—FOOD AND DRUGS ACT—IMPROPER BRANDING—WHITE PEPPER "COMPOUND."

The term "Compound White Pepper" does not so naturally imply to the average purchaser a mixture of white pepper with an ingredient other than pepper as to make it a proper branding, where the statement of its ingredients is so placed and in such type as not to be readily noticed by the purchaser, and as to be calculated and intended to deceive and mislead the latter.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 5.*

What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

11. CRIMINAL LAW (§§ 911, 1156*)—REVIEW—MOTION FOR NEW TRIAL.

A motion for a new trial is addressed to the discretion of the court, and its denial is not subject to review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2134, 3067–3071; Dec. Dig. §§ 911, 1156.*]

In Error to the District Court of the United States for the Southern District of Ohio.

Jacob Frank, Charles Frank, and Emil Frank were convicted of violation of the food and drugs act, and bring error. Affirmed.

Edward Colston and A. W. Goldsmith, Jr., for plaintiffs in error. Sherman T. McPherson, U. S. Atty.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. The appellants were informed against under the food and drugs act of June 30, 1906 (34 S. L. 768), for shipping in interstate commerce an article of food labeled "Perfection Mills Compound White Pepper," alleged in separate counts to have been, respectively, misbranded and adulterated. The alleged adulteration consists in the fact that the article contains only about 65 per cent. of white pepper, the remaining 35 per cent. being a corn product, which is alleged to have been so mixed and packed with the pepper as to reduce and lower its quality and strength. As the corn product was of such a nature as not to constitute adulteration if properly branded, we may, with propriety, confine our attention to the charge of misbranding.

The information charged that the article was labeled and branded as follows: "Perfection Mills Compound White Pepper," in large and plain letters, and about one inch thereunder, the following words, to wit: "Composed of Ground White Pepper and Ground Cereals," in small and inconspicuous type, "so placed upon said label as not to be readily noticed by the purchaser." The information was demurred

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to as stating no offense under the act in question or under the laws of the United States. The demurrer was overruled. Thereupon a jury was waived by agreement of counsel.

A trial was had before the court upon an agreed state of facts (except in one particular hereafter mentioned), whereby the defendants, pleading not guilty to the charge in the information, admitted the fact of the alleged shipment in interstate commerce, also that the article contained 65 per cent. of ground white pepper, and about 35 per cent. of ground cereals, and that it was labeled, in large type, "Perfection Mills Compound White Pepper" and in smaller type "Composed of Ground White Pepper and Ground Cereals"; also, in substance, the purchase of a sample can by an inspector of the Bureau of Chemistry of the United States Department of Agriculture, its analysis by an analyst of that department, and its possession by the United States District Attorney for use on the trial.

The government admitted on the trial that the words "Composed of Ground White Pepper and Ground Cereals" are in type larger than the size required by regulation 17C of the rules and regulations passed in conformity with the food and drugs act, and that the article of food contained no added ingredients poisonous or deleterious to health. The package was submitted to the court "so as to display the label thereon," and is returned with the bill of exceptions. The defendants then moved to dismiss the information, and for judgment in their favor, upon the grounds contained in the demurrer to the information. The motion was denied. The trial court held that the label was not in compliance with the law, found the defendants guilty, and imposed a fine of $50.

[1] Upon the argument in this court, defendants urged that the information was improperly filed, and should be dismissed for that reason, upon the authority of United States v. 20 Cases of Grape Juice (C. C. A. 2) 189 Fed. 331, where it was held that in case the district attorney acts solely in pursuance of the report of the Secretary of Agriculture, under sections 4 and 5 of the food and drugs act, the notice and hearing provided by section 4 are conditions precedent to the filing of the information; such notice and hearing not appearing in this case. It would be enough to say that this proposition is not properly before us from the fact that no motion to dismiss for this reason was presented below, nor is the question raised by any pleading or presented by assignment of error. We do not, however, construe the information as showing that it was filed without investigation by the district attorney, or solely by authority of sections 4 and 5 of the act.

[2-5] The fact that the case was finally heard by the court without a jury raises the question of the effect of the judgment when presented for review. By R. S. § 566 (U. S. Comp. St. 1901, p. 461), the trial of issues of fact in the District Court is (with certain exceptions not material here) required to be by jury; and section 649 (page 525), which provides for a waiver of jury in the Circuit Court, has no application to the District Court. The result is that if the offense for which the defendants were tried amounts to a crime, as distinguished

from a "petty offense," it could, under section 2 of article 3 of the Constitution of the United States, be tried only by a jury; and, if not so tried, the judgment would be a nullity and require reversal. On the other hand, if the offense is merely a "petty offense," the trial under waiver of jury would amount to an arbitration 'as to the questions of fact involved; and it would result that the court's conclusions of fact could not be reviewed here, and we would have no power to inquire into the sufficiency of the evidence to support the conviction, nor any question of law arising out of or upon the evidence. United States v. L. & N. R. R. Co. (C. C. A. 6) 167 Fed. 306, 93 C. C. A. 58; Low v. United States (C. C. A. 6), 169 Fed. 86–88, 94 C. C. A. 1; Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853.

[6, 7] However, if the submission is upon an agreed state of facts, leaving for determination only a question of law arising thereon, the determination upon that question of law is reviewable. Henderson's Distilled Spirits, 14 Wall. 44, 20 L. Ed. 815. Counsel agree that the offense here charged is merely a "petty offense." Construing, as we do, section 2 of the food and drugs act, as providing for no imprisonment for the first offense, but merely for a fine not exceeding $200, we agree with counsel. Callan v. Wilson, 127 U. S. 540, 8 Sup. Ct. 1301, 32 L. Ed. 223; Schick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99;

[8] Was the case finally heard solely upon an agreed state of facts, so as to involve only a question of law? We think not. It is true that the case was heard in part upon an "agreed statement of facts," the substance of which has been before set out. But this statement contained no reference to the allegations made in the information that the words "composed of ground white pepper and ground cereals" were "in small and inconspicuous type so placed upon said label as not to be readily noticed by the purchaser," as well as the statement "that the label and branding as above set forth was calculated and intended to deceive and mislead the purchaser thereof." On the other hand, the package containing the pepper was submitted to the court upon the trial, "so as to display the label thereon;" and we are unable to determine from the record that the court did not in finding the defendants guilty take into account the relative size and prominence of the type of the letters following the first part of the label, in connection with the allegations in the information relating thereto, and draw inferences of fact therefrom. For this reason, we think the final judgment embraced the determination of a question of fact, which is not reviewable here. But the ruling upon demurrer to the information is still open to review, and its consideration seems to sufficiently present the meritorious question in the case.

Regulation 17e, adopted for the enforcement of the food and drugs act, provides that "an article containing more than one food product or active medicinal agent is misbranded if named after a single constituent." Defendants challenge both the validity of this regulation and its application to this case. In the view we take of the case, we have not found it necessary to consider either of these questions.

[9] By section 8 of the act an article of food is declared to be misbranded, "Second. If it be labeled or branded so as to deceive or mislead the purchaser," with the proviso attached to the fourth subdivision of the section that an article not containing any added poisonous or deleterious ingredients shall not be deemed to be adulterated or misbranded, and "Second. In the case of articles labeled, branded or tagged, so as to plainly indicate that they are compounds, imitations or blends, and the word 'compound,' 'imitation' or 'blend,' as the case may be, is plainly stated on the package in which it is offered for sale." We assume, for the purposes of this opinion, that if the statement of the ingredients of the "compound" were printed in type as large and prominent as that used in the primary label, and in such position as to be substantially part of one continuous label or brand, there would be no misbranding. But the information alleges the contrary of this, and that the branding "was calculated and intended to deceive and mislead the purchaser." Unless, therefore, the term "compound" on the label naturally implies that the article is a "compound" of white pepper and some ingredient or ingredients other than pepper, it seems clear that there is misbranding. Defendants contend that the term "compound" does naturally so imply; the argument being that as the second subdivision of the fourth paragraph of section 8 of the act provides "that the term 'blend' as used herein shall be construed to mean a mixture of like substances, * * *" and regulation 27a, made under the authority of the act, provides that "the terms 'mixtures' and 'compounds' are interchangeable, and indicate the result of putting together two or more food products," the term "compound" must be held to be a mixture of unlike substances, and that the statute is satisfied in the case of a compound, if the word "compound" is plainly stated on the package. We are disposed to the view that the result of the statute and the regulations thereunder is that a blend is a compound, but a compound may or may not be a blend; in other words, that the term "compound" does not necessarily denote a mixture of unlike substances. The statute does not declare that the mere use of the word "compound," whether as an adjective or as a substantive, sufficiently indicates that the article is a compound within the statute. The provision is that articles containing no poisonous or deleterious ingredients shall not be deemed to be misbranded "in the case of articles labeled, branded or tagged so as to plainly indicate that they are compounds * * * and the word 'compound' * * * is plainly stated on the package."

[10] A primary label "White Pepper Compound" would doubtless fairly indicate that the article is a compound of white pepper and some other ingredient, whether another kind of pepper or an unlike substance, it is not now necessary to decide. But the term "Compound White Pepper" does not, in our opinion, necessarily import the same idea as "White Pepper Compound." The adjective "compound," we think, is sometimes used colloquially, as meaning "having added strength," as a "compound extract." However this may be, it seems clear that the term "Compound White Pepper" does not so naturally imply, to the average purchaser, a mixture of white pepper

with an ingredient other than pepper as to make it a proper branding, as against the fact (as alleged) that the statement of the ingredients is so placed and in such type as not to be readily noticed by the purchaser, and as to be calculated and intended to deceive and mislead the latter. While we have found no controlling authority in specific support of this view, we have found nothing persuasive to the contrary. The decisions principally relied on by the defendants (In re Wilson [C. C.] 168 Fed. 566; United States v. 68 Cases of Syrup [D. C.] 172 Fed. 781; United States v. Boeckmann [C. C.] 176 Fed. 382; United States v. 779 Cases of Molasses [C. C. A. 8] 174 Fed. 325, 98 C. C. A. 197), as well as the departmental rulings (one of the most prominent of which is F. I. D. 63), are all distinguishable from the case before us. In our opinion the demurrer to the information was properly overruled.

[11] The motion for new trial was addressed to the discretion of the court, and its denial is not subject to review.

It results from these views that the judgment of the District Court should be affirmed.