**John PATTON, Harold Conant, and Jack Baker, Plaintiffs in error, v. UNITED STATES, Defendant in Error.**

Circuit Court of Appeals, Eighth Circuit.
March 7, 1929.

No. 8177.

Claude Nowlin and M. M. Thomas, both of Oklahoma City, Okl. (J. R. Spielman, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Fred A. Wagoner and William P. Kelley, both of Oklahoma City, Okl., on the brief), for the United States.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

The United States Circuit Court of Appeals hereby certifies that a record on a writ of error now pending before it discloses the following:

Plaintiffs in error, John Patton, Harold Conant, and Jack Baker, were with others in-

dicted in the District Court of the United States for the Western District of Oklahoma, charged in count 1 of the indictment with a conspiracy to violate section 39 of the Penal Code (18 USCA, § 91) by an arrangement whereby large sums of money were to be paid to one Charles Buzzi, an officer of the United States, to wit, a federal prohibition agent, acting for and on behalf of the United States in an official function, to influence his action and to cause him in violation of his lawful duty to omit to investigate and arrest said defendants for violation of the National Prohibition Act (27 USCA) and to omit to make report thereof to his superior officer. Each of the other seven counts of the indictment charged payment of $500 at different times to said Charles Buzzi as said prohibition agent to influence his action in a matter and investigation then pending before him in his official capacity with intent to induce him to omit to investigate and arrest defendants for violation of the National Prohibition Act and to omit to make report thereof to his superior officers. Other defendants indicted with Patton, Conant, and Baker were acquitted, but each of these defendants was convicted on each of the eight counts of the indictment and sentenced to terms in the penitentiary.

The trial commenced on October 19, 1927, before a jury of 12 men duly and lawfully selected. It continued before said jury of 12 men up to October 26, 1927, when one of the jurors became so severely ill that he was unable to serve further as a juror, and it was stipulated in open court by the government and by counsel for the defendants that the trial should proceed with 11 jurors. The trial was concluded on October 27th and a verdict returned on that date. At the time the stipulation to proceed with 11 jurors was made the evidence in chief of the government had been introduced and likewise most of the evidence on the part of defendants. Rebuttal evidence on the part of the government was introduced after said time.

The proceedings in court at the time that the agreement was entered into between the government's representative and defendants' counsel that the trial should proceed to a finality before the remaining 11 jurors are here set forth in full:

"Proceedings.

"October 26, 1927.

"The Court: Gentlemen, the report this morning is that the juror is very ill and has to be taken to the hospital, and there is no question of his not being able to be here. He can't be here.

"Mr. Nowlin: May I ask the court? I am not sure whether the defendants in this character of case could waive the question as to the number of jurors, and try the case to 11 jurors or not, but I will state to the court that I have personally conferred with all of counsel in the case and with each of the defendants individually, and it is our desire to try this case to the remainder of this jury, if the defendants can waive their rights. I am not sure. Your honor knows the law on that, and I am not prepared to say whether it can be done or not, but if it can be done we desire to try this case to these 11 jurors.

"The Court: Where is the United States attorney? I have just announced that the sick juror is unable to continue in service at the trial. He is very ill and had to be taken to the hospital, with no prospects of his coming out of the hospital in a short time. You haven't heard what the defendants' counsel said.

"Mr. Salter: I didn't hear his statement.

"The Court: He proposes to waive the absence of one juror and try it to 11 men.

"Mr. Salter: That is agreeable to the government.

"The Court: Have you looked the matter up?

"Mr. Salter: As I understand the law, the defendants can waive their constitutional rights, to the right of a trial by a jury of 12 men in any case except a capital offense. I understand the Supreme Court of the United States has passed on it. If the court desires to be positive, I can look up the authority within a few minutes time and present it to the court. I understand that to be the law, and I see no reason why it isn't good law.

"Mr. Nowlin: We will accept it as the law of this case. I make that statement in so far as counsel ethically can do it. I am assuming that is the law; I don't know. I am assuming that is the law, and we are anxious to proceed with the trial. We have been here a week now, and we would like to finish the trial, and we are satisfied to try the case with 11 men as well as 12.

"The Court: That is satisfactory, if you gentlemen on both sides are agreed to it, and finish up this case. Make up the record then.

"Mr. Salter: I would request that each defendant personally waive his constitutional right and consent that the trial might proceed if they desire to do it. They don't have to do it.

"The Court: No; the defendants and the government both are entitled to a constitutional jury of 12 men, and this would be a mistrial and require a new trial, the absence

of one juror, unless both sides would waive all objections to a trial before the remaining 11 jurors and agree to it. Make this record, then, gentlemen, if you want to go ahead.

"Now at the convening of court on this October 26, 1927, at 9:15 a. m., it is made to appear to the court, upon due proof that the juror, N. M. Harris, is seriously ill, and has been taken to the hospital for treatment, and cannot be present at the further trial of the case. It is agreed in open court by counsel for the government and counsel for all the defendants, the defendants personally assenting that the trial proceed to a finality before the remaining 11 jurors, and all objections thereto are waived to further proceedings as if there were 12 jurors in the box are waived. Is that satisfactory to all the defendants and their counsel?

"Mr. Collins: That is correct."

From the assignments of error we set forth numbers 4 and 42:

"4. For the reason that during the trial of this case one of the jurors, to wit, one N. M. Harris, became ill and unable to continue with the trial of the case, and thereupon the defendants and the government agreed, in so far as defendants could waive their constitutional rights to trial by a jury of 12, they would waive said rights and try the case to the remaining 11 jurors, and thereupon the trial proceeded with 11 jurors, and without juror Harris participating therein, and the verdict returned in this case was a verdict by 11 jurors, and was not concurred in or participated in by the juror Harris.

"Defendants specifically admit that they, in good faith, attempted to waive, and, in so far as they had power to waive, did waive their constitutional right to have this case decided by a full jury of 12 men. However, defendants are now in doubt as to their power to waive their trial—for the offense charged against them—by a full jury of 12 men, and state that, if they had power to waive said right, then the same was waived, but if, on the other hand, they had no power to waive said right, then the same could not be waived and the verdict is a nullity, and is insufficient to sustain a sentence or judgment of conviction."

"42. The trial court erred in overruling the separate motions of these defendants in arrest of judgment in this case, which set out specifically that these defendants had no power to waive their constitutional right of trial by a jury of 12 men, and which set out specifically that the consideration of this case was by stipulation considered by 11 jurors only, and the verdict returned by 11 jurors

only, the twelfth juror, N. M. Harris, having been excused during the progress of the trial on account of illness, and defendants waived their right, in so far as they had the power to waive same, to insist on a trial by 12 men, but said motion showing the lack of power of the defendant to so stipulate, to which ruling the defendants and each of them excepted at the time."

Plaintiffs in error by these assignments now take the position that a jury of 12 jurors was necessary throughout the entire trial of the case, and that they had no power to waive the same, relying on Thompson v. Utah, 170 U. S. 343, 18 S. Ct. 620, 42 L. Ed. 1061; Capital Traction Co. v. Hof, 174 U. S. 1, 19 S. Ct. 580, 43 L. Ed. 873; Schick v. United States, 195 U. S. 65, 24 S. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585; Rassmussen v. United States, 197 U. S. 516, 25 S. Ct. 514, 49 L. Ed. 862; Low et al. v. United States (C. C. A.) 169 F. 86; Freeman v. United States (C. C. A.) 227 F. 732; Queenan v. Territory, 11 Okl. 261, 71 P. 219, 61 L. R. A. 324.

The government contends that, as the trial had commenced with 12 jurors, and had proceeded nearly to its conclusion before the juror was taken too ill to continue in the trial, and in view of the insistence of defendants' counsel that the case continue, that defendants waived the right to have a jury of 12 men throughout the entire trial, and relies on Commonwealth v. Dailey et al., 12 Cush. (Mass.) 80; Queenan v. Oklahoma, 190 U. S. 548, 23 S. Ct. 762, 47 L. Ed. 1175; Grove v. United States (C. C. A.) 3 F.(2d) 965; Dickinson v. United States, dissenting opinion of Judge Aldrich (C. C. A.) 159 F. 801, 812.

In view of the fact that the case was commenced with a proper constitutional jury of 12 men, and so proceeded for nearly 7 days, and that upon the juror becoming ill defendants through their counsel evidenced their desire to proceed with the trial, and personally assented that the trial should proceed to a finality before the remaining 11 jurors as if 12 jurors were in the box, and in view of the general holdings of the courts that such constitutional rights for the protection of a defendant as a speedy trial, to be confronted with the witnesses against him and to have the assistance of counsel can be waived, we are in doubt as to the law applicable to the situation here presented, and so desire the instruction of the Supreme Court upon the following question, the decision of which is deemed indispensable to a proper determination of the case now before it:

Question: After the commencement of a trial in a federal court before a jury of 12 men upon an indictment charging a crime, punishment for which may involve a penitentiary sentence, if one juror becomes incapacitated and unable to further proceed with his work as a juror, can defendant or defendants and the government through its official representative in charge of the case consent to the trial proceeding to a finality with 11 jurors, and can defendant or defendants thus waive the right to a trial and verdict by a constitutional jury of 12 men?

Wm. S. Kenyon,
United States Circuit Judge,
C. B. Faris,
United States District Judge,
John B. Sanborn,
United States District Judge,
The Judges Who Sat in the Circuit Court of Appeals in the Hearing of the Case.