## ROGERS *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 78. Argued November 5, 1891. — Decided November 16, 1891.

Where an action at law was tried by a District Court without a jury, which found the facts and conclusions of law, and entered judgment for the plaintiff thereon, and a bill of exceptions was signed, which stated that the defendant moved the court to direct a verdict for him, on the ground that, as matter of law, no action could be maintained by the plaintiff, and the Circuit Court, on a writ of error, affirmed the judgment, and the defendant then sued out a writ of error from this court: *Held,*

(1) The Circuit Court could not properly consider any matter raised by the bill of exceptions, nor can this court do so, because the trial was not by a jury nor on an agreed statement of facts;

(2) All that the Circuit Court could do was to affirm the judgment of the District Court, and all that this court can do is to affirm the judgment of the Circuit Court, as the latter court had jurisdiction and this court has it.

THE case is stated in the opinion.

*Mr. George Bliss* for plaintiff in error.

*Mr. Solicitor General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 12th of March, 1885, the United States brought an action at law in the District Court of the United States for the Southern District of New York, against Lebbeus H. Rogers, to recover $12,000, with interest and costs, the principal sum being the amount of the penalty of a bond executed by Henry W. Howgate as principal, and Rogers and another person as sureties, on the 13th of March, 1878, which bond recited that Howgate, first lieutenant of the twentieth infantry, had been "assigned to duty as a property and disbursing officer, Signal Service, U. S. A.," and was conditioned that Howgate should at all times "during his holding and remaining in said office," carefully discharge the duties thereof, and faithfully expend all public money, and honestly account for the same and for all public property which should or might come into his hands "on account of Signal Service, U. S. Army, without fraud or delay."

The complaint alleged that Howgate entered upon the duties "of property and disbursing officer, Signal Service of the United States Army;" that, while acting as such officer, he did not carefully discharge the duties of his office, and faithfully expend all public moneys, and honestly account for the same, and for all public property which came into his hands "on account of the Signal Service, U. S. Army," without fraud or delay, in this, that on divers dates during the years 1878, 1879 and 1880, while acting as such officer, he received from the United States, on account of the Signal Service of the United States Army, $133,255.22, which sum he did not faithfully expend and had not accounted for.

The answer of Rogers, besides denying the breaches of the bond alleged in the complaint, set up that the bond was executed, taken and delivered without authority of law and in violation of law.

The parties filed a written stipulation waiving the right of trial by jury, and consenting that the cause be tried by the court without a jury. It was so tried, before Judge Brown. In April, 1887, he filed findings of fact, which stated that he had "heard the testimony of the witnesses." Those findings of fact were as follows:

"1st. That long prior to 1874 the signal corps, under the Department of War, was organized, and has continued from its organization to the present time under such Department; that during such time such signal corps has had property and disbursing officers.

"2d. That prior to 25th July, 1876, one Henry W. Howgate was a first lieutenant of the 20th infantry of the United States army, attached to the signal corps.

"3d. That on the 25th July, 1876, said Howgate, by a special order, as follows:

"'WAR DEPARTMENT,

"'OFFICE OF THE CHIEF SIGNAL OFFICER,

"'WASHINGTON, D.C. *July* 25, 1876.

"'Special Orders, }
"'No. 115.     }

"'2. First Lieutenant H. W. Howgate, 20th infantry, brevet captain U. S. A., acting signal officer and assistant, is hereby assigned to duty as property and disbursing officer at this office, together with such other duties as may be assigned to him.

"'3. First Lieutenant Henry Jackson, 7th cavalry, acting signal officer and assistant, is hereby relieved from duty as property and disbursing officer at this office, and will turn over all government property and funds pertaining to this office, for which he is responsible, to First Lieutenant H. W. Howgate, 20th infantry, brevet captain U. S. A., acting signal officer and assistant, who will receive and receipt for the same.

"'By order of the chief signal officer of the army:

"'GARRICK MALLERY,

"'*Captain 1st Inf'y, Bvt. Lieut. Col. U. S. A.,*

"'*Acting Signal Officer and Assistant,*'

was assigned to duty as property and disbursing officer in the office of the chief signal officer, and he voluntarily accepted such assignment and entered upon the duties thereof.

"That in March, 1878, said Howgate, as principal, and the defendant, as one of the sureties, executed and delivered the

bond mentioned in, and a copy of which is annexed to, the complaint in this action."

[The fifth finding set forth *in hæc verba* the condition of the bond.]

"6th. That said Henry W. Howgate, 20th infantry, while acting as property and disbursing officer, Signal Service, U. S. Army, did not carefully discharge the duties thereof and faithfully expend all public moneys and honestly account for the same and for all public property which came into his hands, but did fraudulently and with intent to defraud the plaintiffs embezzle the sum of $133,255.22.

"7th. That the said Howgate is indebted to the United States of America for moneys received as property and disbursing officer, Signal Service, U. S. Army, between the first day of April, 1878, and 31st day of September, 1881, in the sum of $133,255.22.

"8th. That such bond was made, executed, delivered and given by said Howgate and the defendant and the other surety voluntarily.

"9th. That there is now due on said bond the sum of $12,000, with interest from 31st March, 1885, making in all $13,476."

The court found the following conclusions of law:

"1st. That the office of property and disbursing officer, Signal Service, U. S. Army, is one created and duly authorized by law.

"2d. That the duties assigned to such officer are duly authorized by law.

"3d. That duties covered by the bond in this action are authorized by law.

"4th. That the bond in the complaint mentioned is a legal, valid obligation.

"5th. That the plaintiff is entitled to judgment against the defendant for the sum of $12,000, with interest from March 31, 1885, amounting in all to $13,476, for which sum judgment is ordered, with costs."

Thereupon a judgment was entered in the District Court, in favor of the United States, against Rogers, for $13,476 damages and $30.87 costs:

A bill of exceptions was filed in the District Court, which states that the plaintiffs put in evidence the order set forth in the third finding of fact, and also the bond, which is set forth in full, and a stipulation in writing, whereby the defendant admitted that Howgate, "while acting as property and disbursing officer, Signal Service, U. S. Army, did not carefully discharge the duties thereof, and faithfully expend all public moneys, and honestly account for the same, and for all public property which came into his hands, but did fraudulently, and with intent to defraud the plaintiffs, embezzle the sum of $133,255.22," and that he was indebted to the United States in that sum.

The bill of exceptions also states that the plaintiffs put in evidence certain orders of the War Department, which are set forth, and that it was admitted that Howgate was an officer of the regular army of the United States. It ther sets forth that, the evidence of the plaintiffs being closed, the defendant's counsel, without offering any testimony, moved the court to direct a verdict for the defendant, on the ground that, as a matter of law, no action could be maintained by the plaintiffs upon the bond proved; that the court refused to grant that motion, and the defendant excepted to such refusal; and that he also excepted to the decision and finding of the court in favor of the plaintiffs.

The opinion of the district judge is reported in 28 Fed. Rep. 607. It states that the only defence was that the bond was not given voluntarily, and that the office was not one created or authorized by statute; that, as Howgate was not bound, as an officer of the army, to accept the appointment of property and disbursing officer in the Signal Corps and to give the bond, his assignment to duty, in the order of July 25, 1876, must be deemed to have been an assignment upon his own application, or upon his acquiescence; that a failure to give a bond could not have subjected him to discipline or loss of rank in the army; that the bond must, therefore, be deemed to have been given voluntarily by him and his sureties; and that, the office and the duties assigned to the officer, and covered by the bond, being duly authorized by law, the defendant was liable.

In May, 1887, the defendant sued out a writ of error from the Circuit Court of the United States for the Southern District of New York, to review the judgment. The case was decided by Judge Wallace, in that court, in November, 1887, and his opinion is reported in 32 Fed. Rep. 890. He held that the bond was a voluntary one; that, although it should be assumed that Howgate was not an officer and did not hold an office while the bond was in force, still the bond must be treated as a contract to secure the United States against loss from the unfaithfulness of an employé in the Signal Service, who was about to be intrusted with public money in the course of his employment; and that the defendant was liable on the bond. The judgment of the District Court was affirmed, with costs, and afterwards a motion for a reargument was denied.

The defendant then sued out a writ of error from this court, to review the judgment of the Circuit Court, and the case has been argued here on the merits. But a preliminary question arises, which, though not alluded to in the brief of either party, must be taken notice of by this court.

The case was not tried in the District Court by a jury or on an agreed statement of facts. The court "heard the testimony of the witnesses." The stipulation which was put in evidence extended only to two specific matters. The important fact, relied upon in the opinions of both the district judge and the circuit judge, that the bond was given voluntarily, is found as a fact by the District Court. The bill of exceptions states that the defendant moved the court to direct a verdict for him, on the ground that, as a matter of law, no action could be maintained by the United States upon the bond proved. It is strongly argued in the brief for the plaintiff in error here, that the bond was not a voluntary one, because Howgate was placed under the orders of the Chief Signal Officer, and in effect ordered to give a bond, and would have been liable to a court martial if he had refused to obey his superior officer.

The finding by the District Court of the fact that the bond was given voluntarily may have depended upon the "testimony of the witnesses," referred to in the findings, as may

also the statement in the findings that Howgate voluntarily accepted his assignment to duty as property and disbursing officer. The question as to the liability of the defendant arises on the bill of exceptions, because it arises out of the refusal to grant the motion to direct a verdict for the defendant, which must be considered as a motion to find for the defendant.

There was no statute in existence which provided for the trial in the District Court by the court without a jury. It is provided by § 566 of the Revised Statutes that "the trial of issues of fact in the District Courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury." The provision for waiving a jury, in § 649 of the Revised Statutes, applies only to the Circuit Court, as does also a special provision of § 700, in regard to the review by this court of a case tried in the Circuit Court by the court without a jury. There are no similar provisions in regard to trials without a jury in the District Courts, to those found in §§ 649 and 700 in respect to Circuit Courts.

It is true that, in the District Court, in a suit otherwise triable by a jury, the parties may, by stipulation, waive a jury and agree on a statement of facts, and submit the case to the court thereon, for its decision as to the law. *Henderson's Distilled Spirits*, 14 Wall. 44, 53. That might have been done also in the Circuit Court, without any statute to that effect. *Campbell* v. *Boyreau*, 21 How. 223, 226, 227. This, however, is not the finding of issues of fact by the court upon the evidence. The provisions of §§ 649 and 700 relate wholly to such finding, and not at all to the action of the court upon an agreed statement of facts.

In the present case, the Circuit Court could not properly consider any of the matters raised by the bill of exceptions; nor can this court do so. All that the Circuit Court could do was to affirm the judgment of the District Court; and all that this court can do is to affirm the judgment of the Circuit Court. The Circuit Court had jurisdiction by its writ of error, and this court has jurisdiction in the present case.

The authority given to the Circuit Court by § 633 of the Revised Statutes is merely to reëxamine the final judgments of a District Court in civil actions. The same authority was given to this court in respect to judgments of the Circuit Court, before the act of March 3, 1865, 13 Stat. 501, § 4, the provisions of which are now embodied in §§ 649 and 700 of the Revised Statutes. The extent of that authority was settled by the case of *Campbell* v. *Boyreau*, before cited. That was a suit at law in a Circuit Court. The whole case having been submitted to the court upon the trial, and a jury having been expressly waived by agreement of parties, evidence was offered on both sides. The court found the facts, and then decided the questions of law arising upon such facts, and gave judgment for the plaintiff. The defendants sued out a writ of error from this court. There were in the record bills of exceptions, which showed exceptions by the defendants to the admissibility of evidence, and exceptions to the construction and legal effect which the court gave to certain instruments in writing. But this court held that, in the mode of proceeding which the parties had seen proper to adopt, none of the questions, whether of fact or of law, decided by the Circuit Court, could be reexamined by this court upon a writ of error. The opinion of this court, delivered by Chief Justice Taney, cited to that effect *Guild* v. *Frontin*, 18 How. 135; *Suydam* v. *Williamson*, 20 How. 427, 432, and *Kelsey* v. *Forsyth*, 21 How. 85, and said: "The finding of issues of fact by the court upon the evidence is altogether unknown to a common law court, and cannot be recognized as a judicial act. Such questions are exclusively within the province of the jury; and if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court, therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury or settled by the admission of the parties. Nor can any exception be taken to an opinion of the court upon the admission or rejection of testimony, or upon

any other question of law which may grow out of the evidence, unless a jury was actually impanelled, and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal. Consequently, as the Circuit Court had jurisdiction of the subject matter and the parties, and there is no question of law or fact open to our reëxamination, its judgment must be presumed to be right, and on that ground only affirmed."

Various decisions in the Circuit Courts have followed and applied this ruling to writs of error from them to the District Courts. *United States* v. *15 Hogsheads*, 5 Blatchford, 106; *Blair* v. *Allen*, 3 Dillon, 101; *Wear* v. *Mayer*, 2 McCrary, 172; *Town of Lyons* v. *Lyons Nat. Bank*, 19 Blatchford, 279; *Doty* v. *Jewett*, 22 Blatchford, 65. The same principles were applied by this court in *Flanders* v. *Tweed*, 9 Wall. 425; *Kearney* v. *Case*, 12 Wall. 275; *Gilman* v. *Ill. & Miss. Tel. Co.*, 91 U. S. 603, 614; *Supervisors* v. *Kennicott*, 103 U. S. 554, 556; *Bond* v. *Dustin*, 112 U. S. 604, 606; *Paine* v. *Central Vermont Railroad Co.*, 118 U. S. 152; *Andes* v. *Slauson*, 130 U. S. 435, 438, 439; *Glenn* v. *Fant*, 134 U. S. 398, 400, 401.

Without considering any questions on the merits, the judgment of the Circuit Court is, therefore,

*Affirmed.*