ST. JOSEPH STOCKYARDS CO. v. UNITED STATES (three cases).

(Circuit Court of Appeals, Eighth Circuit. April 20, 1911.)

Nos. 3,319–3,321.

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 527*)—REVIEW—SPECIAL FINDING RAISES SUFFICIENCY TO SUSTAIN THE JUDGMENT WITHOUT OBJECTION OR EXCEPTION.

A special finding in a case in the Circuit Court in which a jury is waived becomes a part of the record, like a special verdict, and the question of its sufficiency to sustain the judgment arises, without contemporaneous objection or exception, and no bill of exceptions is requisite to present it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

2. CARRIERS (§ 37*)—LIVE STOCK—SHIPMENT—TWENTY-EIGHT HOUR LAW—"KNOWINGLY AND WILLFULLY" — EFFECT OF — FACTS — CONCLUSION — "KNOWINGLY"—"WILLFULLY."

The words "knowingly and willfully," in section 3 of the 28-hour law (Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909, p. 1178]), describe an essential element of the offense on account of which the penalties are prescribed, without proof of which they cannot be recovered.

A stockyards company, which, without actual knowledge that cattle have been confined nearly 28 hours, and without making any effort to find out whether they have been or not, receives from a common carrier, and with diligence hauls a few miles to its stockyards, and there unloads them for rest, food, and water, when these stockyards are nearer to the place of the receipt of the cattle than any other place where they could be unloaded, fed, and watered, is not guilty of "knowingly and willfully" confining the cattle in violation of the 28-hour law.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 5, pp. 3937–3939; vol. 8, pp. 7468–7481, 7835, 7836.]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Three actions by the United States against the St. Joseph Stockyards Company. Judgments for the United States (181 Fed. 625), and defendant brings error. Reversed.

Brown & Dolman, for plaintiff in error.
Leslie J. Lyons, U. S. Atty.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

SANBORN, Circuit Judge.   The writs of error in these cases question three judgments each for a penalty of $100, for the alleged violation of the 28-hour law.   Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909, p. 1178).   Juries were waived, and the cases were tried by the court, which made a special finding of the facts, and rendered a judgment against the Stockyards Company in each case.

[1] Counsel for the United States contends that the question whether or not the special findings sustain the judgments cannot be considered in this court, under Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853, and United States v. Cleage, 88 C. C. A. 249, 161 Fed. 85, because these cases were tried in the District Court. But he is mistaken.   They were commenced, were tried, and the judgments were rendered in the Circuit Court, and in such a case the special finding, like a special verdict, becomes a part of the record, and the question of its sufficiency to sustain the judgment arises, without contemporaneous objection or exception, in the absence of a bill of exceptions to present them.   St. Louis v. Ferry Company, 78 U. S. 423, 428, 20 L. Ed. 192; Norris v. Jackson, 76 U. S. 125, 128, 19 L. Ed. 608.

This court has often had occasion to consider the 28-hour law, and from its previous decisions these conclusions may be safely drawn. Section 1 of this statute imposes upon every railroad company carrying cattle from one state to another the duty to unload them for rest, water, and feeding once in 28 hours, in the absence of a request for an extension of this time to 36 hours; and section 3 of the act imposes penalties for which these judgments were rendered, not for a failure to discharge the duty prescribed by section 1, but for "knowingly and willfully" failing to discharge it.   United States v. Union Pacific R. Co., 94 C. C. A. 433, 434, 169 Fed. 65, 66.

[2] The words "knowingly and willfully" in this statute have significance, and in the enforcement of it they must have effect.   " 'Knowingly' evidently means with a knowledge of the facts which, taken together, constitute the failure to comply with the statute, as is the case where one carrier receives from another a car loaded with cattle, and, with knowledge of how long they then had been confined in the car without rest, water, or food, prolongs the confinement until the statutory limit is exceeded.   *   *   *   'Willfully' means purposely or obstinately, and is designed to describe the attitude of a carrier, who, having a free will or choice, either intentionally disregards the statute or is plainly indifferent to its requirements."   St. Louis & S. F. R. Co. v. United States, 94 C. C. A. 437, 439, 169 Fed. 69, 71; United States v. Sioux City Stockyards Co. (C. C.) 162 Fed. 556, 560, 562; United States v. Stockyards Terminal Co. (C. C.) 172 Fed. 452; New York Central & H. R. R. Co. v. United States, 165 Fed. 833, 841, 91 C. C. A. 519, 527.

In United States v. Stockyards Terminal Ry. Company, 101 C. C. A. 147, 151, 178 Fed. 19, 23, a stockyards company had received from

a railroad company cattle that had been confined in transit more than 36 hours, and had continued their confinement 2 hours and 5 minutes longer, while it hauled them 11 miles to its stockyards, where it unloaded, fed, and watered them. That company, however, had no actual knowledge, when it received the cattle, that they had been confined more than 28 hours, there was no place where the cattle could have been unloaded, or could have received rest, food, and water, as near as the defendant's stockyards, and the defendant hauled them to those stockyards and unloaded them with due diligence. This court held that it was not guilty of a violation of the 28-hour law, and affirmed a judgment in its favor.

In view of these decisions, the judgments in these cases cannot stand. The pleadings and special findings of the court disclose these facts: All the cattle carried in these cases were consigned to St. Joseph, Mo., from various places in the country, and were brought there and delivered to the defendant below, a corporation by the Chicago, Burlington & Quincy Railroad Company, after all of them had been continuously confined more than 28 hours, except one shipment, which, when delivered, had been confined 27 hours and 55 minutes. The defendant owned and operated stockyards at St. Joseph, in Missouri, switch tracks, and pens and yards for hauling, unloading, feeding, and watering live stock. At the time the cattle were delivered to it there was no other place where rest, food, and water for them could be procured for many hours. Promptly and with due diligence upon the receipt of the cattle the defendant took them to its unloading chutes and yards, and unloaded all of them for rest, food, and water within 2 hours and 30 minutes after it received them, respectively. It had no actual knowledge of the length of time they had been confined in the cars before it received and unloaded them, and it did not make any effort to find out how long they had been confined. The court below made no finding in either of the cases that the defendant either "knowingly" or "willfully" confined any of these cattle beyond the 28 hours fixed by the statute, and it made no finding of any fact tending to sustain such a conclusion which has not now been recited. The recited facts clearly fail to establish that conclusion. The legal presumption is that men obey the law, and the burden to prove the contrary is on him who asserts or relies upon it. The great majority of shipments of cattle are carried to their destinations within the times prescribed by the statute here in question, and upon that fact, and upon the legal presumption that men ordinarily discharge their duties and comply with the law, those receiving cattle may lawfully rely, in the absence of notice of facts indicating the contrary. The defendant, without knowledge or notice that these cattle had been confined in violation of the law, took and unloaded them at a time and place and in a manner which most speedily ended their confinement, and provided them with rest, food, and water, and thus, so far as lay in its power, obeyed the spirit and accomplished the end of the 28-hour law. It would be a travesty of justice to punish it for these acts, and these judgments must be reversed, and the cases must be remanded to the court below, with instructions to render judgments for

the defendant on the special findings of facts, on the ground that the latter fail to show that the defendant either "knowingly" or "willfully" confined the cattle in violation of the statute.

No opinion is expressed or intimated upon the questions presented by other objections to these judgments, because the objection already considered is fatal.