### EASTERN OIL CO. v. HOLCOMB et al.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1914.)

No. 3963.

1. COURTS (§ 356*) — FEDERAL COURTS — DECISIONS REVIEWABLE — JUDICIAL CHARACTER OF TRIBUNAL.

Under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), providing that issues of fact in any Circuit Court may be tried by the court without a jury when the parties in writing waive a jury, and Judicial Code, § 291 (Act March 3, 1911, c. 231, 36 Stat. 1167 [U. S. Comp. St. Supp. 1911, p. 243]), providing that, when in any law any reference is made to or any power conferred upon the Circuit Courts, it shall be deemed to refer to and confer such power upon the District Courts, issues of fact in the District Court may be tried without a jury, and the former rule that the decision upon such a trial by consent is the decision of an arbitrator and not reviewable no longer applies.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*

Orders, decrees, and judgments reviewable in the Circuit Court of Appeals, see notes to Salmon v. Mills, 13 C. C. A. 374; Taylor v. Breese, 90 C. C. A. 566.]

2. JURY (§ 31*)—TRIAL BY COURT WITHOUT JURY—POWER OF COURT.

Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), authorizing trials of issues of fact by the court without a jury when the parties so stipulate in writing, made applicable to the District Courts by Judicial Code, § 291, is not repugnant to Rev. St. § 566 (U. S. Comp. St. 1901, p. 461), providing that with certain exceptions issues of fact in the District Courts shall be tried by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 204–219; Dec. Dig. § 31.*]

3. APPEAL AND ERROR (§ 761*)—BRIEFS—FORM AND REQUISITES.

Under Rev. St. § 700 (U. S. Comp. St. 1901, p. 570), providing that when an issue of fact is tried without a jury the rulings of the court in the progress of the trial, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed on writ of error or appeal, it is the rulings in the progress of the trial excepted to at the time that may be reviewed, and it is not proper to combine the assignments of error and argue them as if the court had power to retry the case on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3096; Dec. Dig. § 761.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. APPEAL AND ERROR (§ 500*)—RECORD—PRESENTATION OF GROUNDS OF RE-
VIEW.

Where, though appellant excepted to appellee's proposed findings of fact, the record showed no ruling thereon, and the court made findings of its own, the appellate court would not search the record and ascertain for itself whether or not the objections were overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295-2298; Dec. Dig. § 500.*]

5. APPEAL AND ERROR (§ 1078*)—ASSIGNMENTS OF ERROR—WAIVER BY FAILURE TO URGE.

Questions presented by the record, but not argued by counsel, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256-4261; Dec. Dig. § 1078.*]

6. APPEAL AND ERROR (§ 274*)—RESERVATION OF GROUNDS OF REVIEW.

Exceptions to the findings in a case tried without a jury present nothing for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624; 1631–1645; Dec. Dig. § 274.*]

7. APPEAL AND ERROR (§ 761*)—BRIEFS—FORM AND REQUISITES.

Though appellant, instead of arguing rulings excepted to, combined the assignments of error and presented the case as if the appellate court could retry it on the merits, the sufficiency of the findings to support the judgment would be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3096; Dec. Dig. § 761.*]

8. MINES AND MINERALS (§ 74*)—LEASES—ASSIGNMENT—ACTIONS—FINDINGS.

In an action for the agreed consideration for the assignment of an oil and gas lease covering land subject to a prior lease, which provided that it should be null and void unless a well was commenced within one year or unless $160 a year was paid in advance, defended on the ground of mutual mistake and breach of warranty, where the trial court found that no well was commenced under the prior lease and that the stipulated payment was not made a judgment for plaintiffs, was supported by the findings.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 202; Dec. Dig. § 74.*]

9. MINES AND MINERALS (§ 74*)—LEASES—ASSIGNMENT—IMPLIED WARRANTY.

Where, on the assignment of an oil and gas lease covering land subject to a prior lease which provided that it should be void unless a well was commenced within one year or unless $160 a year should be paid in advance for the delay in commencing a well, the assignors did not represent as a fact that no well had been commenced or that the payment had not been made, but merely stated that they were so informed by the lessors, and the bank in which the payment was to be deposited and the agent of the assignee had all the information that the assignors had, there was no warranty by the assignors with respect to the prior lease.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 202; Dec. Dig. § 74.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by M. A. Holcomb and another against the Eastern Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John H. Carter, of Tulsa, Okl. (Robert J. Boone, of Tulsa, Okl., and George C. Butte and Sam H. Lattimore, both of Muskogee, Okl., on the brief), for plaintiff in error.

George S. Ramsey, of Muskogee, Okl. (C. L. Thomas, of Muskogee, Okl., on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge. Holcomb and Hall brought suit against the oil company to recover the sum of $3,200 alleged to be due them as the purchase price of an oil and gas mining lease. The suit was commenced in the United States Circuit Court for the Eastern District of Oklahoma, February 9, 1911, and tried in the United States Circuit Court for said district, June 12, 1912. By stipulation in writing the case was tried and determined by the court without the intervention of a jury. The court heard the evidence and made special findings of fact and conclusions of law which resulted in a judgment in favor of Holcomb and Hall. The oil company has removed the case here by writ of error.

[1, 2] It is urged by counsel for Holcomb and Hall that this court has no power to review the errors assigned, for the reason that section 566, R. S. U. S. (U. S. Comp. St. 1901, p. 461), provides that "the trial of issues of fact in the District Courts, in all causes except  *  *  * shall be by jury," and that no authority has ever been given said courts to try issues of fact without the intervention of a jury. It is true that prior to January 1, 1912, there had been no provision made by law for the trial of issues of fact in the District Court, by the court, without the intervention of a jury. Therefore it has been uniformly decided that if the parties to a civil action in the District Court, by agreement, submitted the questions of fact in dispute to a judge for decision upon the evidence, he did not exercise judicial authority in deciding, but acted rather in the character of an arbitrator, and no review of his decision could be had. Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853; United States v. Cleage, 161 Fed. 85, 88 C. C. A. 249 (8th Ct.); United States v. Louisville & N. R. Co., 167 Fed. 306, 93 C. C. A. 58 (6th Ct.); St. Joseph Stockyards Co. v. United States, 187 Fed. 104, 110 C. C. A. 432 (8th Ct.). It is claimed that this is still the law in the District Courts, for the reason that section 649, R. S. U. S. (U. S. Comp. St. 1901, p. 525), which provides that issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, does not apply. We think counsel are in error in this contention. Section 291 of the Judicial Code reads as follows:

"Wherever, in any law not embraced within this act, any reference is made to, or any power or duty is conferred or imposed upon, the Circuit Courts, such reference shall, upon the taking effect of this act, be deemed and held to refer to, and to confer such power and impose such duty upon, the District Courts."

This section clearly confers upon the District Courts the power to try issues of fact by the court as provided in section 649. It is claimed, however, that if this be so section 649 and section 566, which has not

been repealed, are repugnant to each other. This is not so. Section 648, R. S. U. S. (U. S. Comp. St. 1901, p. 525), provided for trial by jury in the Circuit Courts in practically the same language as 566 did in the District Courts, but section 649 has never been considered as repugnant to section 648. Section 566 or 648, when read in connection with section 649, must be construed as declaring that the trial of issues of fact in the District Courts shall be by jury, except where the parties shall stipulate in writing to waive a jury. Section 649 provides that where a jury is waived, as was done in this case, "the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Section 700, R. S. U. S. (U. S. Comp. St. 1901, p. 570) which is applicable to this court, as well as the Supreme Court, provides as follows:

"When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

[3-7] We thus see that it is the rulings of the court in the progress of the trial of the cause, if excepted to at the time, that we have the power to review. No rulings to which counsel for the oil company excepted during the trial appear in the record, except certain rulings in relation to the admission and exclusion of evidence and the ruling of the court in overruling in part the demurrer of the oil company to the complaint. These rulings, although assigned as error, have not been argued either orally or in the brief; but the 57 assignments of error have been combined together and argued to the court under the heads of "Mutual Mistake," "Implied Warranty of Title," and "Breach of Warranty." In other words, the case is presented to us as if we were a court of original jurisdiction empowered to try the case upon its merits as was the District Court. Counsel for the oil company did object as is shown by the record to the proposed findings of fact requested by counsel for Holcomb and Hall; but the record shows no ruling of the court upon the same, and whether the objections were sustained or overruled nowhere appears. The court subsequently made findings of its own, and this court could not be expected to go through the record and ascertain for itself whether or not the court sustained or overruled the objections to the proposed findings. Another reason why the objections to the proposed findings do not call upon us to consider the same is that nowhere in the brief is the point made or argued that the findings of the court are not sustained by the evidence. The rule in such cases is that, if counsel declines to argue questions presented by the record, the court will not further consider them. The findings of the court under the statute had the same effect as the special verdict of a jury, and mere exceptions to a special verdict of a jury would present nothing for review; neither does the exception to the findings in the present record. It is plain therefore that there is no question open to review on the present record, except whether the facts found by the trial court support its judgment. Sec-

tion 700, R. S. U. S.; United States Fidelity & G. Co. v. Board of Commissioners, 145 Fed. 144, 76 C. C. A. 114 (8th Ct.); Gibson v. Luther, 196 Fed. 203, 116 C. C. A. 35 (8th Ct.); Felker v. First National Bank, 196 Fed. 200, 116 C. C. A. 32 (8th Ct.); Keeley v. Ophir Hill Consolidated Mining Co., 169 Fed. 598, 95 C. C. A. 96 (8th· Ct.); York v. Washburn, 129 Fed. 564, 64 C. C. A. 132 (8th Ct.); Chicago G. W. Ry. Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 176 Fed. 237, 100 C. C. A. 41, 20 Ann. Cas. 1200 (8th Ct.); Allen v. Knott, 171 Fed. 76, 96 C. C. A. 180 (8th Ct.); Barnard v. Randle, 110 Fed. 906, 49 C. C. A. 177 (8th Ct.). This presents a question of law to which such argument, as has been made, may be properly addressed. Guaranty Trust Co. of New York v. Koehler, 195 Fed. 669, 115 C. C. A. 475 (8th Ct.). Following the argument of counsel for the oil company, the questions to be considered may be arranged as follows: First, do the findings of the trial court show that there was such a mutual mistake of fact on the part of both Holcomb and Hall and the oil company, when the contract for the purchase of the lease was made, as would allow the oil company to avoid the contract; second, if the contract was a valid one, was there an implied warranty of title; and, third, if there was an implied warranty of title, was there such a breach thereof as would allow the oil company to rescind the contract. In order to make plain the contentions of counsel, it will be necessary to briefly state the nature of the transaction between the parties.

[8, 9] On November 8, 1909, Charles M. Brian and Hettie Brian, for themselves, and Charles M. Brian, as guardian of Mary Ellen Brian, executed and delivered to James Brann an oil and gas mining lease covering a tract of land in Okmulgee county, Okl. This lease contained the following clause:

"In case no well be commenced on the above premises within one year from the date hereof, this lease shall become null and void and without any further effect whatever, unless the lessee shall pay for the delay at the rate of one hundred sixty ($160.00) dollars in advance for each and every year hereafter until a well is commenced or his lease surrendered as hereinafter provided. Such payments may be made in hand or deposited in Citizens' National Bank at Okmulgee, Oklahoma."

November 12, 1910, Hettie E. Brian, Charles M. Brian, and Charles M. Brian, as guardian of the estate of Mary Ellen Brian, a minor, made, executed, and delivered to Holcomb and Hall for the sum of $900 an oil and gas mining lease covering the same property as the lease by the same parties to Brann. On the same day Holcomb and Hall assigned their lease to the Eastern Oil Company for the agreed consideration of $3,200, and the further sum of $3,200 on condition that oil should be found on the land in paying quantities. There is no dispute but what the assignment of the lease was made to the oil company and that the oil company agreed to pay therefor, the consideration above mentioned. The oil company refused to pay the $3,200 cash for the alleged reason that the lease to Brann had been continued by the payment by Brann of the $160 mentioned in the paragraph that we have hereinbefore quoted; no well having been commenced on the land as provided in the lease. The whole controversy, therefore, was over the question as to whether the Brann lease had

been continued in force and as to whether Holcomb and Hall had represented to the agent of the oil company that the Brann lease as a fact had been rendered void by the failure of Brann to pay $160 in advance to the lessors or deposit the same in the Citizens' National Bank, Okmulgee, Okl., on or before the expiration of one year from date of the lease. If the payment of the $160·was not made within the time provided for in the lease, the lease, according to its terms, became null and void, and the oil company would have no defense against the claim of Holcomb and Hall.. If the payment of the $160 was made in accordance with the terms of the lease, then the lease was continued in force; and the oil company claims that both Holcomb 'and Hall and itself, having believed that the Brann lease had not been continued in force by the payment of the $160; that there was such a mistake of fact by both parties that the oil company could avoid the contract for the assignment of the Holcomb and Hall lease to it; and that, if the contract was valid, then, the lease being personal property, there was an implied warranty accompanying its sale, and, that warranty having been breached, it can avoid the contract for·that reason. Under the findings made by the court, we do not think that either of the defenses of counsel for the oil company can be maintained.

The trial court found as a fact that no well was commenced on the land described in the Brann lease within one year from the date thereof, and that Brann did not pay for the delay, the sum of $160, in advance, either to the lessors or deposit the same in the Citizens' National Bank at Okmulgee, Okl., on or before November 8, 1910. This finding in itself would defeat the claim of the oil company; but the court proceeded further and found that Holcomb and Hall did not represent as a fact that no well had been commenced upon the land or that the $160 for the delay had not been paid to the lessors or deposited in the bank, but their statements were that they were informed by the lessors and the bank that the payment· had not been made, and the court further found that the agent of the oil company, who negotiated the assignment of the lease, had all the information as to what Brann had done or not done in complying with the terms of his lease that Holcomb and Hall had. These findings. compel a judgment in favor of Holcomb and Hall against the oil company, as under these findings the Brann lease had become null and void, or, if that is not so, there was no warranty.

Judgment affirmed.