## PORTER v. F. M. DAVIES & CO.†

(Circuit Court of Appeals, Eighth Circuit. March 11, 1915.)

No. 4314.

1. APPEAL AND ERROR ☞5—MODE OF REVIEW—LAW ACTION TRIED TO COURT.

The judgment in an action at law in a federal court, although a jury is waived and the cause tried to the court, is reviewable only on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–21; Dec. Dig. ☞5.]

2. REMOVAL OF CAUSES ☞5—CAUSES REMOVABLE—ACTION BY STATE RECEIVER.

An independent action by a receiver of a state court against a non-resident defendant to recover money alleged to be due the receivership estate is not ancillary to the suit in which the receiver was appointed, and is removable where the requisites for removal exist.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 21, 22; Dec. Dig. ☞5.]

3. EVIDENCE ☞148—COMPETENCY—ASSUMPTION OF FACTS IN ISSUE.

In an action by the receiver for an elevator company against a corporation conducting a grain commission business in which the principal question at issue was whether certain speculative transactions conducted through defendant and on account of which it was given checks of the elevator company signed by its secretary were those of the company or of the secretary personally, testimony of an officer of defendant in answer to questions by its counsel based on the assumption that the transactions were those of the elevator company, *held* incompetent, and other testimony of the witness as to his understanding *held* immaterial and irrevelant and erroneously admitted over plaintiff's objections.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. ☞148.]

4. WITNESSES ☞142—COMPETENCY—PERSONS INTERESTED FOR OR AGAINST REPRESENTATIVES OF PERSONS DECEASED—ACTIONS IN WHICH TESTIMONY IS EXCLUDED.

In an action by the receiver for a corporation in which the principal question in issue was whether certain transactions were between the corporation and defendant or between its secretary individually and defendant, the fact that the secretary was dead at the time of trial did not render the testimony of an officer of the corporation as to the transactions incompetent under Code Civ. Proc. S. D. § 486, subd. 2, providing that in actions by or against executors or administrators neither party nor any person who has any interest adverse to the other party shall be allowed to testify against such party as to any transaction with the deceased; neither the witness nor the personal representative of the deceased secretary being a party, and the estate of the latter being in no way involved.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 580, 581; Dec. Dig. ☞142.]

5. EVIDENCE ☞471—OPINION EVIDENCE—CONCLUSION OF WITNESS.

Testimony of various witnesses *held* erroneously admitted on the ground that it stated merely the conclusions of the witnesses.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ☞471.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† For opinion on motion for rehearing, see 224 Fed. 451, — C. C. A. —.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by Clement F. Porter, Jr., receiver of the Independent Elevator Company, against F. M. Davies & Co., a corporation. Judgment for defendant, and plaintiff brings error. Reversed.

Howard Babcock, of Sisseton, S. D., and Frank McNulty, of Aberdeen, S. D., for plaintiff in error.

H. V. Mercer, of Minneapolis, Minn., for defendant in error.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. Porter, as receiver of the elevator company, commenced this action in the circuit court for Grant county, S. D., against Davies & Co., to recover the sum of $29,300 which he alleged was the amount of money belonging to the elevator company which had been unlawfully paid to Davies & Co. between January 31, 1908, and October 22, 1909, by one A. J. Norby, secretary of the elevator company, acting individually for himself in payment of losses sustained by him in speculating on the future price of wheat at Minneapolis, Minn.; it being also alleged that Davies & Co. knew at the time it received the money that Norby was speculating on his own account, and that the money it received belonged to the elevator company. The action was removed to the federal court on the ground of diversity of citizenship; the receiver being a citizen of South Dakota, and Davies & Co., a corporation, organized under the laws of Minnesota. Davies & Co. answered in the federal court by denying the allegations of the complaint and alleging that whatever transactions it had with Norby were lawful; that Norby acted therein as the agent of the elevator company; and that the transactions in which the money was paid were in fact the business of the elevator company, which had full knowledge thereof and either authorized or ratified the same. A jury was waived, and the action tried to the court. At the close of all the evidence counsel for the receiver moved the court for findings and judgment in his favor. The court denied this motion and made a general finding in favor of Davies & Co. Judgment was subsequently entered in accordance with this finding. The receiver has brought the case here both by writ of error and appeal.

[1] The appeal must be dismissed as the action is at law. It was commenced as such and tried as such. No equitable relief is asked for. Counsel for the receiver refers us to Arthurs et al. v. Hart, 58 U. S. 6, 15 L. Ed. 30, as outlining the practice of this court on the present writ of error. Since the decision cited, section 700, R. S. U. S. (Comp. St. 1913, § 1668), has been enacted, and the decisions of the Supreme Court and of this court in relation thereto now govern the practice. The following cases decided in the Supreme Court and in this court fully explain the practice: Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000; Santa Anna v. Frank, 113 U. S. 339, 5 Sup. Ct. 536, 28 L. Ed. 978; Lehnen v. Dixon, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734, 29 L. Ed. 898; Norris v. Jackson, 9 Wall. 125; Coop-

er v. Omohundro, 19 Wall. 65, 22 L. Ed. 47; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862; Betts v. Mugridge, 154 U. S. 644, Appx. 14 Sup. Ct. 1188, 25 L. Ed. 157; Insurance Company v. Sea, 21 Wall. 158, 22 L. Ed. 511; Wilson v. Merchants' Loan & Trust Co. of Chicago, 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113; in this court Mercantile Trust Company v. Wood, 60 Fed. 346, 8 C. C. A. 658; United States Fidelity & G. Co. v. Board of Commissioners, 145 Fed. 144, 76 C. C. A. 114; National Surety Co. v. United States, etc., 200 Fed. 142, 118 C. C. A. 360; Seep v. Ferris-Haggarty Copper Mining Company, 201 Fed. 893, 120 C. C. A. 191; Eastern Oil Co. v. Holcomb, 212 Fed. 126, 128 C. C. A. 642.

The finding of the trial court in the present case has the same effect as the verdict of a jury. Section 649, R. S. U. S. (Comp. St. 1913, § 1587). The request of counsel for the receiver at the close of the evidence for findings and judgment in his favor had the same effect as a request for an instructed verdict. The finding in favor of Davies & Co. must stand if there is any evidence to sustain it. After a careful consideration of the evidence, we are not prepared to say there is no evidence to support the finding, and therefore must hold that the assignment of error based upon the finding must fail. While no assignment of error is made raising the question of jurisdiction, counsel for the receiver insist that there is a lack of jurisdiction appearing upon the record. We think counsel have misapplied the authorities cited in the brief upon the question of jurisdiction.

[2] The claim is made that this suit is but ancillary to the suit in which the receiver was appointed now pending in the circuit court of Grant county, S. D.; that the state court has constructive possession at least of the money claimed to be due the elevator company from Davies & Co.; and that therefore the case was not removable to the federal court because such a proceeding would be an interference with the possession of the state court over property in its possession. The case of First National Bank v. Turnbull & Co., 16 Wall. 190, 21 L. Ed. 296, is cited in support of this contention. That was a case where certain cotton was levied upon under an execution issued upon a judgment of the state circuit court for the county of Alexandria, Va., in favor of the First National Bank at Alexandria and against Abijah Thomas. Certain persons, to wit, Alexander and John Turnbull, citizens of the state of Maryland, with Alexander Reach, a citizen of the state of New York, trading together as Turnbull & Co., asserted a claim as owners of the property thus levied on, and thereupon the sheriff, before proceeding further under his levy, demanded of the plaintiff in the execution an indemnifying bond, which demand was complied with. Turnbull & Co. then executed what may be called a forthcoming bond. The circuit court for Alexandria county under authority of the statute entered an order directing an issue to be tried by a jury, to determine the right to the property thus levied on. Before this issue was tried, Turnbull & Co. removed the case thus constituted to the Circuit Court for the United States for the District of Virginia. It was held by the Supreme Court that where a proceeding in a state court is merely incidental and auxiliary to an original action there—a graft upon it, and not an independent and separate litigation—it could not be

removed into the federal court. The other cases cited by counsel are along this line, and there can be no doubt as to the correctness of the rule established. The present suit, however, is an independent action brought by the receiver a citizen of South Dakota against Davies & Co., a corporation of Minnesota. The receiver is pursuing his remedy in this court the same as in the state court. The state court has never obtained possession of the property sought to be recovered, and, if. the plaintiff in this action is successful, the receiver recovers the property in his character as receiver just the same as if the case was being prosecuted in the state court. The case was removable under the law and there is no merit in the contention.

[3] It only remains to consider the numerous assignments of error based upon the admission and exclusion of evidence during the trial of the case. In order to properly understand the errors assigned, it is necessary to take a brief view of the state of the case when the rulings which are alleged to be erroneous were made. It had appeared at the trial that between January 31, 1908, and November 1, 1910, one Norby, who was the secretary of the elevator company, had paid to Davies & Co. by checks, either on the Northwestern National Bank or the Scandinavian American National Bank, both of Minneapolis, signed "Independent Elevator Company, by A. J. Norby, Secretary," payable to Davies & Co., $29,800. Sometimes the words "by L. Baker" followed the words "A. J. Norby, Secretary." Miss Baker was the bookkeeper for Norby and the elevator company. The account of the transactions on the books of Davies & Co. appeared in the name of Norby. It was claimed by Davies & Co. that the account was so kept as a matter of convenience, as the license to trade on the floor of the Minneapolis Chamber of Commerce had been granted to Norby. The claim of Davies & Co. also was that the transactions were wholly between itself and the elevator company, while the receiver claimed that the transactions were those of Norby individually with which the elevator company had nothing to do. Norby was dead, and the receiver called as a witness at the trial Mr. R. J. Healy, who was the secretary of Davies & Co., and of course interested in the success of the defendant. He was asked by counsel for the receiver for Davies & Co. the following question:

"During this time did Mr. Norby ever raise any objection to this dealing on behalf of the company with your company?"

Counsel for plaintiff objected on the ground that it assumed and stated facts not shown by the evidence, that it was incompetent, irrelevant, and immaterial, and assumed that the Independent Elevator Company was dealing with the defendant. The objection was overruled and an exception taken. The answer was, "No, sir."

Counsel for Davies & Co. then asked the witness this question:

"Did Frank McNulty ever raise any objection to your company on any ground to keep you from trading with the Independent Elevator Company?"

The same objection was made to this question as the preceding one. The objection was overruled and an exception allowed. The answer was, "No, sir."

Counsel for Davies & Co. then asked the witness the following question:

"Did Mr. Porter ever make any such objection?"

To which question there was the same objection and the same ruling. The answer was, "No, sir."

Counsel for Davies & Co. then asked the witness the following question:

"For how long a period of time did this dealing continue during which F. M. Davies & Co. acted as commission merchants for the Independent Elevator Company on the Chamber floor from the time this dealing started?"

The same objections were made to this question and the same ruling was made as before. The answer was, "A few days over ten months."

Counsel for Davies & Co. then asked the witness the following question:

"And during the time these clearings were going on, did you understand that the Independent Elevator Company was acting as commission agent for concerns like the Armour Grain Company and such others as you have mentioned?"

This question was objected to as incompetent, irrelevant, and immaterial, assuming a state of facts not proven and called for a conclusion of the witness, which objection was overruled and an exception allowed. The answer was, "Yes, sir."

Counsel for Davies & Co. then asked the following question:

"Did you and the Independent Elevator Company, that is, Davies & Co. and the Independent Elevator Company, balance your account every time there was a payment made?"

This was objected to as assuming a state of facts not proven, namely, that the Independent Elevator Company had any transactions with the defendant. The objection was overruled and an exception allowed. The answer was, "No, sir."

Counsel for Davies & Co. then asked the following question:

"When the Independent Elevator Company made you the payments on account of these transactions, how were they made?"

This question was object to as assuming a state of facts not proven. The objection was overruled and an exception allowed. The answer was, "By check."

Considering the relation which Healy bore to the defendant and the way the evidence stood at the time these questions were asked, we think the admission of the testimony was error. The question of whether the transactions resulting in the payments of money to Davies & Co. were those of Norby individually, or those of the elevator company was one of the questions at issue to be decided by the court on all the facts proven, and therefore it was error to permit the witness Healy to be asked questions which assumed that the transaction was with the elevator company. Porter, Norby, and McNulty were stockholders of the elevator company. The understanding of Healy that the elevator company was acting as commission agent for concerns like Armour Grain Company was immaterial and irrelevant. Whether or

not it was the custom for all elevator companies buying grain to hedge that grain was immaterial and irrelevant under the issues.

[4] The elevator company was a South Dakota corporation, and its articles of incorporation stated that the purpose for which it was organized was as follows:

"The purpose for which this corporation is formed is conducting the business of buying and selling grains of all kinds, both at wholesale and retail; and all other acts necessary and desirable in connection with the wholesale and retail grain and lumber business."

Mr. Porter, the president of the corporation, was called as a witness by the plaintiff and asked the following question:

"You may state, Mr. Porter, whether or not, to your knowledge, the company was engaged in the grain commission and brokerage business at Minneapolis or elsewhere."

This question was objected to by counsel for defendant as irrelevant and immaterial and calling for a conclusion of the witness. The objection was sustained and an exception taken.

Counsel for the plaintiff then asked the witness:

"You may state if you ever had any talk or conversation with Norby at that time relative to your name appearing on the stationery."

In connection with this question, it may be said that there was testimony introduced by the defendant that Porter's name appeared upon the letter heads of Norby & Co. This question was objected to by counsel for the defendant for the reason that under the statute of South Dakota the witness as a director or officer of a corporation for whose benefit the action was being prosecuted was interested in the event of the action. The court sustained the objection on the ground that the witness was incompetent under the statute of South Dakota. The statute referred to reads as follows:

"No person offered as a witness in any action or special proceeding in any court or before any officer or person having authority to examine witnesses or hear evidence shall be excluded or excused by reason of such person's interest in the event of the action * * * or because such person is a party thereto.

"In civil actions or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party nor his assignor nor any person who has or ever had any interest in the subject of the action adverse to the other party, or to his testator or intestate shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party." Code Civ. Proc. S. D. § 486, subd. 2.

The witness Porter was not a party to the action, and the action was not against the personal representative of a deceased person, but was a proceeding entirely between third parties in no way involving the deceased or his estate; that the witness was interested of course was no objection to his testifying. Section 858, R. S. U. S. as amended (Act June 29, 1906, c. 3608, 34 Stat. 618 [Comp. St. 1913, § 1464]), reads as follows:

"The competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the state or territory in which the court is held."

Counsel for plaintiff then asked the witness Porter the following question:

"You may state, Mr. Porter, if you ever authorized or ordered your name or stated to any person that your name might be put on that stationery."

Counsel for defendant objected to the question unless limited to others than Mr. Norby and on the further ground that it called for a conclusion of the witness. The objection was sustained and an exception taken.

[5] A witness by the name of Gage was called by the defendant. He was asked by counsel for the defendant the following question:

"You know whether there was a general understanding on the Exchange floor as to whether the Independent Elevator Company was doing business there during this time?"

Counsel for plaintiff objected, as the question called for a conclusion. The objection was overruled and an exception taken.

Counsel for defendant then asked the witness Gage the following question:

"Having answered the other question in the affirmative, you may tell us what the understanding was—was it or was it not? I want to know whether there was an understanding among the traders that the Independent Elevator Company was transacting business there."

This question was objected to as calling for a conclusion of the witness. The objection was overruled and an exception taken. The answer was, "Why certainly."

Counsel for the defendant then asked the witness Gage the following question:

"And as careful dealers, of course, they would hedge the grain?"

This was objected to as a conclusion. Objection overruled and an exception allowed.

Counsel for the defendant asked the witness Winter the following question:

"As among grain men when they buy one of these contracts for future delivery, they regard themselves as bound by that for delivery and payment of the money just the same as if the warehouse receipt was presented to them in the case of a future?"

This was objected to as calling for a conclusion. The objection was overruled and an exception allowed. The answer was, "Yes."

Counsel then asked the witness Winter the following question:

"And these trades for future purchases and sales of wheat are recorded here on the Exchange with just the same intent as a contract would be for the purchase of a corner lot over there?"

This question was objected to as calling for a conclusion. Overruled. Answer, "Yes."

F. N. Davies, when on the stand, was asked by counsel for the defendant, referring to the account appearing on its books with Norby:

"Whose account did you understand that was?"

This question was objected to on the ground that it was incompetent and not admissible. Objection overruled. Answer, "The Independent Elevator Company."

We are of the opinion that the court erred in the foregoing rulings, and that it does not clearly appear that no prejudice resulted. Let the judgment be reversed, and a new trial ordered.