## NEUGEN v. ASSOCIATED CHAUTAUQUA CO.

### No. 970.

Circuit Court of Appeals, Tenth Circuit.
April 25, 1934.

William Rifkind, of Chicago, Ill. (George E. Gard, of Kansas City, Kan., on the brief), for appellant.

O. B. Eidson, of Topeka, Kan. (T. M. Lillard and Olin D. Buck, both of Topeka, Kan., on the brief), for appellee.

Before LEWIS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This is a suit in which the appellant as plaintiff in the court below sought to recover damages on account of alleged negligence growing out of her transportation in an automobile owned by the appellee, defendant in the court below.

Issues were joined upon the plaintiff's amended petition by answer of general denial, alleged assumption of risk and setting up an affirmative defense that the sole remedy available to the plaintiff for relief was under the Workmen's Compensation Act of Kansas' (Rev. St. Kan. 1923, 44—501 et seq.), the state in which the accident occurred.

It appears that the case was first tried to the court with a jury and a verdict returned in plaintiff's favor. A motion for a new trial was interposed by defendant and sustained. At the next trial the case was submitted to the court without the intervention of a jury by stipulation and at least partially heard upon an agreed statement of facts, the record disclosing that upon the trial certain documentary evidence was offered by the plaintiff and excluded upon objection of the defendant. The only exception taken at the trial so far as shown by the bill of exceptions was as to this latter ruling. A general finding was made and a judgment entered in favor of the defendant. The bill of exceptions fails to disclose that special findings of fact were requested at the close of the evidence by either party, nor were motions made for a determination of findings upon the issues joined by either party. The journal entry of judgment recites that at the close of all the evidence the defendant interposed a motion for a judgment in its favor, which was sustained by the trial court, but even in this portion of the record no similar motion appears to have been made by plaintiff.

We have serious doubt as to whether upon the entire record there is anything presented to this court for review. In the recent case of Davis v. United States, 67 F.(2d) 737, 738 (C. C. A. 10), this situation is fully covered by the language of Judge Phillips, as follows:

"A special finding in a jury-waived case becomes a part of the record the same as a special verdict, and the question of its sufficiency to support the judgment arises without contemporaneous objection or exception. Therefore no bill of exceptions is requisite to present it. St. Joseph Stockyards Co. v. United States (C. C. A. 8) 187 F. 104; Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6) 190 F. 118; Wesson v. Saline County (C. C. A. 7) 73 F. 917.

"But the sufficiency of the evidence to support the findings must be appropriately raised by motion for judgment, request for declaration of law, or other like motion. White v. United States (C. C. A. 10) 48 F.(2d) 178; Henry H. Cross Co. v. Texhoma O. & R. Co. (C. C. A. 8) 32 F.(2d) 442, 445. Such a motion or request, and the ruling thereon, are not a part of the record proper, and must be presented by a proper bill of exceptions. McPherson v. Cement Gun Co. (C. C. A. 10) 59 F.(2d) 889; Rogers v. United States, 141 U. S. 548, 554, 12 S. Ct. 91, 35 L. Ed. 853; White v. United States, supra, at page 181 of 48 F.(2d), and cases there cited."

However, if we go to the merits of the controversy the appellant is in no better situation. The alleged errors of the trial court in granting the motion for a new trial and rejecting the documentary evidence offered upon the second trial merit no consideration. The first ruling rested in the discretion of the court, and the second is supported by the record that the exhibits tendered were of no materiality under the issues, as they chiefly concern correspondence between the parties looking to the matter of compromise of plaintiff's claim.

One of the principal issues in the court below was as to whether or not the plaintiff came within the purview of the Kansas Workmen's Compensation Act. The plain-

tiff was one of a troupe traveling from place to place giving performances in the nature of entertainments upon a circuit being conducted by the defendant company, which enterprise was being carried on for profit by that company and the plaintiff was being paid for her services. This case is clearly ruled by the decision of the Supreme Court in Federal Baseball Club v. National League, 259 U. S. 200, 42 S. Ct. 465, 66 L. Ed. 898, 26 A. L. R. 357. There the exhibitions concerned baseball games, which by the following quotation from the decision is clearly shown not to be essentially different from the engagements of plaintiff in the case at bar; on page 208 of 259 U. S., 42 S. Ct. 465, 466, the court says: "The business is giving exhibitions of base ball, which are purely state affairs. It is true that in order to attain for these exhibitions the great popularity that they have achieved, competitions must be arranged between clubs from different cities and States. But the fact that in order to give the exhibitions the Leagues must induce free persons to cross state lines and must arrange and pay for their doing so is not enough to change the character of the business. According to the distinction insisted upon in Hooper v. California, 155 U. S. 648, 655, 15 S. Ct. 207, 39 L. Ed. 297, the transport is a mere incident, not the essential thing. That to which it is incident, the exhibition, although made for money would not be called trade or commerce in the commonly accepted use of those words. As it is put by the defendant, personal effort, not related to production, is not a subject of commerce. That which in its consummation is not commerce does not become commerce among the States because the transportation that we have mentioned takes place. To repeat the illustrations given by the Court below, a firm of lawyers sending out a member to argue a case, or the Chautauqua lecture bureau sending out lecturers, does not engage in such commerce because the lawyer or lecturer goes to another State."

■ Nor can the contention of the appellant that she was in the employ of an independent contractor prevail. Both she and Richardson, who signed up the contract for her engagement, were under the complete direction and control of the defendant, including the route to be followed, the programs to be given, the devotion of time exclusively to defendant's service, the acceptance of no remuneration elsewhere, the defendant's right to dismiss any member of the troupe for unbecoming conduct, to terminate the contract if the services became unsatisfactory, and to insure good moral conduct and good quality of entertainment. Under such circumstances the appellant was an employee of the appellee within the purview of the Kansas Compensation Act as held by the Kansas Supreme Court. Leebolt v. Leeper, 128 Kan. 61, 275 P. 1087; Pottorff v. Fidelity Coal Mining Co., 86 Kan. 774, 122 P. 120; Purkable v. Greenland Oil Co., 122 Kan. 720, 253 P. 219.

■ Finally, it is contended that there was no valid election on the part of the Chautauqua Company to accept the terms of the Compensation Act and therefore the appellant was not brought within it. The record shows that before the accident in controversy the company had filed with the proper Kansas official a written statement of its election to come within the provisions of the Compensation Act, which was signed by the defendant through its manager, who was at the time a vice-president, a member of the board of directors and a stockholder of the company, although it did not contain an attestation by its secretary, nor did it bear the corporate seal. It was received and accepted by the Kansas official and the defendant was acting under it at all times, including the time of the accident. In the recent case of Schmeling v. Woolworth Co., 137 Kan. 573, 21 P.(2d) 337, 338, that court quotes with approval from 28 R. C. L. 735, as follows: "Notice required to be given to the designated state official is not required to be in any precise or technical form, and does not need to be evidenced with the same formality as a deed or other instrument which transfers property."

It would therefore plainly appear that the election executed and filed in this case satisfies the requirements of the statute. Plaintiff's remedy was under the Compensation Act, and therefore upon any view taken, the appellant cannot prevail.

Affirmed.