UNITED STATES v. CHICAGO, M. & ST. P. RY. CO.

(District Court, N. D. Iowa, W. D.    August 8, 1916.)

No. 169.

1. CARRIERS ☞37—CARRIAGE OF LIVE STOCK—TWENTY-EIGHT HOUR LAW— VIOLATION.

Where, after cattle had been kept confined by the initial carrier for more than 28 hours, they were delivered to defendant, who kept the animals confined for less than 28 hours before it delivered them to a third carrier, which unloaded them for food, water, and rest, defendant cannot

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be held liable for violation of the 28-hour law (Act June 29, 1906, c. 3594, 34 Stat. 607 [Comp. St. 1913, §§ 8651–8654]), for its acceptance of the animals from the original carrier did not carry with it a liability for the penalty, the offense of the original carrier having been already completed, as the owner had not consented to the confinement of the stock for more than 28 hours.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 95, 927; Dec. Dig. ☜37.]

2. PLEADING ☜8(1)—PETITION—SUFFICIENCY.
Conclusions of law in the petition at variance with the averments of fact cannot be relied on to state a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12, 25, 28; Dec. Dig. ☜8(1).]

At Law. Action by the United States of America against the Chicago, Milwaukee & St. Paul Railway Company. On demurrer to petition. Demurrer sustained.

F. A. O'Connor, U. S. Atty., of New Hampton, Iowa, and Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa.
Hughes, Sutherland & Taylor, of Cedar Rapids, Iowa, for defendant.

REED, District Judge. The United States brings this suit to recover from the defendant railway company $500 the penalty provided for an alleged violation of the 28-hour law.

[1] The petition alleges that the defendant railway company is a common carrier by railroad, and is a connecting carrier with the Chicago, Rock Island & Pacific Railway Company, which is also a common carrier by railroad in the United States.

It further alleges that on March 21, 1916, at about 8 o'clock a. m. of that day, one F. N. Jones delivered to the Rock Island Company at Athol, in the state of Kansas, an immigrant car loaded with household goods and five horses and five head of cattle, to be shipped and delivered to himself at Miles City, Mont.; that said car was carried by the Rock Island Company to the city of Council Bluffs, Iowa, at which point it delivered the car to the defendant herein at the hour of 7:40 p. m. on March 22, 1916; that the defendant company carried the car with the horses and cattle loaded therein over its line to Sioux City, Iowa, and there delivered the car with its contents to the Sioux City Terminal Company, an independent carrier, on March 23, 1916, at 6:10 p. m. of that day; and the terminal company carried and delivered the car to the Sioux City Stockyards Company, to unload said horses and cattle for food, water, and rest at 6:25 p. m., March 23d.

The petition further alleges that the time consumed by the Rock Island Company in conjunction with the defendant in carrying the car from Athol, in the state of Kansas, to the city of Sioux City, Iowa, where it was delivered by the defendant to the Sioux City Terminal Company, was 58 hours; that there was no written agreement of the owner or person in charge of said shipment, that the live stock might be confined for a period of 36 hours; and that the defendant, in conjunction with the Rock Island Company, knowingly and willfully confined said stock for a longer period than 28 consecutive hours.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant demurs to the petition upon the ground that it appears upon the face thereof that the defendant company did not detain the stock in its custody in excess of the 28-hour period.

It appears from the allegations of the petition as above stated that from the time the defendant company received the live stock at Council Bluffs, at 7:40 p. m., March 22, 1916, and carried and delivered the same to the terminal company at Sioux City, Iowa, at 6:10 p. m., March 23d, was 22 hours and 30 minutes; also that the car was in the custody of the Rock Island Road from 8 o'clock a. m., March 21st, until it delivered the same to the defendant company at Council Bluffs at 7:40 p. m., March 22, 1916, was 35 hours and 40 minutes. It thus appears that the Rock Island Company confined the stock beyond the 28-hour period, and fully incurred the penalty for violation of the 28-hour law; and to warrant recovery against defendant it must be charged, either with a part of the time the stock was in the custody of the Rock Island Road, or with a part of the time the Sioux City Terminal Company detained it after the defendant delivered the car to that company. I am unable to believe that when the Rock Island Company delivered the car to the defendant company at Council Bluffs, it transferred to the defendant company, with the delivery of the stock, its liability for the penalty it had incurred; nor that the time the car remained with the terminal company before it delivered it to the stockyards company, can be charged to the defendant; and, inasmuch as the defendant company did not have the car in its custody in excess of the 28-hour period, it is not liable for a violation of the act in carrying this shipment. United States v. Sioux City Stockyards Co. (C. C.) 162 Fed. 556; St. Joseph Stockyards Co. v. United States, 187 Fed. 104, 110 C. C. A. 432, and the cases there cited.

[2] It is true that the petition alleged that the defendant, in conjunction with the Rock Island Company, did "knowingly and willfully confine said horses and cattle, and each of them, upon its said line and road without unloading said horses and cattle for rest, water, and feeding for a period longer than 28 consecutive hours," but this is a conclusion only which the facts alleged do not support, while the facts alleged do show that the Rock Island Company kept the stock in its custody for 35 hours and 30 minutes of the 58 hours and 15 minutes from the time the car left Athol, Kan., to the time of its delivery to the Sioux City Stockyards Company, at 6:25 p. m., on March 23, 1916.

It follows that the demurrer to the petition must be sustained, and it is accordingly so ordered.